<div style="margin-left:auto">CAMPBELL<br>v.<br>ROUBIEU.</div>

the first of April, 1855, which she thinks is negotiable, and has been informed has been transferred." "That this is all the debt she ever owed *Roubieu.*"

*Andrew McDougal* intervened in the suit in garnishment; alleging himself to be the owner of the note, having obtained the same in the regular course of business, and prayed for judgment against her for its amount.

The liability of *Mrs. Nott* is the sole question, presented by the parties, for our solution.

She was, some years ago, separated in property from her husband.

The separation of property, her sole signature to the note, and the neglect to file an answer, when alone sued upon the obligation, denying the consideration to have accrued to the advantage of her separate estate, raise the presumption that the consideration of the note benefited solely herself.

This presumption becomes conclusive when conjoined with the recognition in her response to the interrogatories, that she owed to *Roubieu*, the payee, the debt created by the note.

It cannot abstract from the cogency of the conclusion, that the decree of separation was not advertised, and no *fi. fa.* issued. These are objections to be pressed more properly by third parties, than by the one whose duty was to have had the decree advertised, and the *fi. fa.* issued.

It is, therefore, ordered, adjudged and decreed, that the judgment be amended, as follows, to wit; That *Andrew McDougal*, the intervenor, recover of *Sally W. Nott*, two thousand one hundred and eighty-seven dollars and fifteen cents, with eight per centum interest thereon, from the first of April, 1855, until paid, less a credit of one hundred and eighty-eight dollars and fifty-six cents, paid April 4th, 1855, and the costs of his intervention.

It is further decreed, that the judgment, so amended, be affirmed, and that *Sally W. Nott* pay the costs of appeal.

---

### W. B. HYMAN *v.* L. BAILEY ·et als.

·A call in warranty will not be allowed after the case has been set, and called up for trial.

In an action, "*en declaration de simulation,*" where plaintiff has alleged the utter insolvency of defendant—*Held:* That authentic acts of sale of land and slaves to defendant, are admissable in evidence to establish the fact of his solvency, and consequent ability to make the purchase of the property in controversy.

A party claiming title under a Sheriff's sale made by virtue of a *fi. fa.* in support of his title, must produce not only the sale of the Sheriff, but also the writ of execution, the Sheriff's return and the judgment.

·The Act of 1855, with regard to the effect of Sheriff's sales, does not make the original, or copy of such a sale, sufficient proof, in itself, of a title translative of property.

APPEAL from the District Court of the Parish of Rapides, *Cullom, J.* W. B. *Lewis* and *A. Cazabat,* for plaintiff. *Ryan & Osborn,* for defendant and appellant.

COLE, J. This is a petitory action, conjoined with an action *en declaration de simulation,* to recover a certain tract of land, which plaintiff avers he purchased at Sheriff's sale.

On the trial, defendant asked leave to call *W. Waters, Jr.* in warranty ; and on the refusal of the Judge, a bill of exceptions was taken to his opinion.

The court did not err ; the call in warranty was offered to be filed, after the case had been set by consent, and called up for trial by the consent of counsel on both sides.

It was in the power of defendant to have asked for the call in warranty at an earlier date, and not to have waited until the permission to make the warrantor a party would have operated a continuance.

Besides, *Waters*, in his sale, expressly limits his warranty to his own acts and those claiming under him ; defendant had then no right to call him in warranty, because plaintiff does not claim under *Waters ;* but by virtue of a purchase made of the rights and title of defendant.

There is, also, a bill of exceptions to the refusal of the court, to permit the defendant to " establish, by authentic acts of sale to the deceased *Merrick Maillon*, in her lifetime, that she owed a valuable property in lands and slaves ; from the revenues of which, she was able to make the purchase of the land in controversy."

The court erred. One of the principal objects of the suit was to declare the sale to *Maillon* simulated, and plaintiff, in his petition, alleged that " she had neither means nor money to buy property." Defendant, as the administrator of her estate, was then entitled to contradict this averment, which was also sought to be sustained by proof.

It is unnecessary now to express an opinion upon the merits of the cause, for plaintiff has shown no title, and he has no right to force defendants to exhibit their title, until he has established an adequate interest in the land to authorize it.

Plaintiff pretends to have purchased the land at Sheriff's sale, on the 7th of April, 1855, by virtue of an execution issued out of the District Court of the parish of Rapides, on a judgment of *A. Lilly* v. *S. E. Cuny et al.*, wherein defendant, *Bailey*, was a judgment debtor.

The only evidence of such a title is the Sheriff's deed of sale of the land to plaintiff.

This is insufficient. It is incumbent on a party, claiming under a sale by virtue of a *fi. fa.*, to produce the writ of execution, the Sheriff's return, and the judgment.

The Sheriff's sale proves that the Sheriff pretended to sell certain property ; but it is a mere executive act, depending for its validity upon the judgment of a competent court and an execution, issued in virtue of the mandate of the court.

The presumption of *omnia recte acta* applies to the sale of a Sheriff, so far as the formalities of law are concerned, which his duty required him to follow in making the sale ; but it is not a sequence from this, that he did not act in error, and make the sale under a forged copy of a pretended judgment.

Sec. 3 of the Act of 1855, relative to Sheriff's sales and writs of *fieri facias*, approved March 15th, 1855, gives the same effect to a copy of a Sheriff's sale, duly recorded and certified, as to a duly certified copy of an authentic act ; but does not make the original or copy sufficient proof of itself, of a title translative of property. *Davis* v. *Wilcoxen*, 5 An. 584.

The judgment shows the nature of the decree of the court ; the writ of execution is the authority given for making the judgment effective ; and the Sheriff's return shows what was done under the execution. *Dede* v. *Boguille*, 8 An. 138.

It is, therefore, ordered, adjudged and decreed, that the judgment be avoided and reversed. And it is further decreed, that this cause be remanded to the lower court for further proceedings according to law, and the principles enumerated in this opinion. And it is further decreed, that the appellee pay the costs of appeal; those of the lower court to abide the event of the final decree.