HON. A. M. BUCHANAN,
HON. C. VOORHIES, } *Associate Justices.*
HON. T. T. LAND,

A. V. ROBERT et al. *v.* W. W. BROWN et al.

A commission to sell property of minors issued by the clerk will not supply the place of the necessary order of sale ; nor will it be inferred from such commission that a decree of sale existed, although it recites that it was issued " *in pursuance of the order of the District Court.*"

The facts that a family meeting was convoked, and advised the sale, and that a petition had been presented to the court to homologate the proceedings, will not cure the nullities arising from the sale of property made under such a commission.

The prescription of five years, established by the Act of 1855 to cure the informalities growing out of public sales, cannot apply to a case where there is a total want of authority to sell ; it cures only those informalities which may occur in the execution of a decree, or other authority to sell.

APPEAL from the District Court of the Parish of Natchitoches, *Chaplin,* J. *Elam & Campbell,* for plaintiffs and appellants. *Smith, Levy & Moïse,* for defendants.

MERRICK, C. J. " This is an action brought by the administrator on account of the creditors, and the heirs in their own right. to restore the property in controversy, together with the fruits and revenues, to the successions of *Samuel & Susan M. Quarles.*

" Plaintiffs allege, that the land was owned by their ancestors, *Samuel & Susan M. Quarles,* at the time of their death, in 1848, and that their title has never been legally divested ; that the sale by *John H. Quarles,* on the 1st of April, 1850, under which the defendants claimed, is null and void, because he had no authority to make it, that is to say, there was no order of the court, or judgment authorizing the sale ; that it was void for informalities, and defendants were possessors in bad faith.

ROBERT
v.
BROWN.

"Defendants aver that they hold under good and valid titles, and if not, they are entitled to the fruits and revenues, and to recover the value of their improvements. Afterwards they excepted to the action, on the ground that plaintiffs have made no return, or offered to return the price paid by the defendants; that such return or offer was necessary, because the sum so paid enured to the benefit of the plaintiffs in the payment of a debt due by their ancestors, from whom they claim to have inherited the land." And they plead the prescription of five years to the action.

A trial of the case before a jury resulted in favor of the defendants, and the plaintiffs appeal.

Under the issue made in this case, our first inquiries have been directed to ascertain the fact, whether an order for the sale of the property ever existed. No vestige of such an order has been found among the mortuary proceedings, after the most careful examination. The clerk's fee docket has no charge for such an order, although it was the habit, as well as the interest of the clerk, to make such entry.

A commission to sell issued by the deputy clerk will not supply the place of an order of sale. Neither can it be inferred from such commission, that a decree of sale existed, although it contains the recital that it is " in pursuance of the order of the District Court."

One of the witnesses swears that he found the records in the *Quarles* succession " in a very tattered and torn condition." But then the first suit was commenced in five years after the sale, and it is shown that the probate proceedings were recorded, and moreover, that one of the witnesses, who would have become a bidder and given a higher price, absented himself from the sale because he had been informed there was no order of sale, or some other irregularity in the proceedings.

The petition to homologate the proceedings of a family meeting advising the sale does not strengthen plaintiffs' position, nor does the first petition of the administrator, praying for the sale of the merchandize, and the decree thereon (which is only responsive to the petition) add any strength to the defendants' case.

Considering the recent period of the sale, the testimony is inadequate to establish the presumption of the existence of an order of sale which has been lost. *Beard, tutor,* v. *Morancy,* 3 Rob. 121.

The prescription of five years has been pleaded under the Act of 1834, re-enacted in 1855, curing the informalities growing out of public sales. Phillips' Dig., p. 22, sec. 4. We are of the opinion, that this statute does not cure the total want of authority to sell, but merely irregularities and informalities in the execution of the decree, or other sufficient authority to sell.

If the defendant bought at the administrator's sale under a commission reciting the decree for the sale of the property, and the adjudication was in the usual form, we are not prepared to say that he is in bad faith for the want of a decree upon which the commission issued. But in this case, there is other testimony which was offered for the purpose of showing that the defendant was in bad faith. Under the circumstances, we think it best to remand the case, in order to enable the jury to pass upon the question of good or bad faith in the defendants, and to settle the claims of the parties respectively for improvements and revenues.

If the defendants were in bad faith, and were responsible for rents and revenues beyond improvements, to an amount equal to the price paid for the property

and interest, it is evident that equity required no tender on the part of the plain-tiffs prior to the institution of this suit. Under the circumstances, we think the defendants' right to reimbursement, if such they have, may be secured by refusing the plaintiffs execution until the requisite sum be tendered the defendants or deposited with the clerk. This may be regulated by the decree of the District Court hereafter to be rendered.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that the said tract of land be declared to belong to the successions of said *Samuel & Susan M. Quarles*, represented by said administrator, and that this cause be remanded for further proceedings according to law and the views herein expressed, the defendants paying the costs of the appeal and the costs of the lower court up to the present date.