### THERESA H. SMELSER *v.* MRS. L. H. BLANCHARD.

During the pendency of a suspensive appeal, the power of the District Court to order the sale of property, is superseded, and such a sale would be void.

Where the court has ordered the sale of property on terms of credit, and it is sold for cash, the sale would be void for want of an order of sale.

The executrix being invested by law with powers of administration only, could not ratify a sale which was void for want of a proper order to sell.

APPEAL from the Second District Court of New Orleans, *Morgan, J.*
    *W. D. Hennen,* for plaintiff.    *E. Rawle,* for defendant and appellant.

MERRICK, C. J. " The petitioner states that she is the executrix of *Levi*

*Smelser ;* that, for a long time after the death of her husband, she was confined in prison, and compelled to leave the administration of the affairs of the estate to others, and that its interests were greatly jeopardized and threatened with a complete sacrifice, through the gross mismanagement and carelessness of the said agents. The executrix also states, that, amongst other property, there belonged to the said estate a certain lease of certain houses in Tchoupitoulas street, which said lease was to terminate, by its terms, eight years after its date, to wit, 1st of November, 1852 ; and, at the expiration thereof, the lessee or said estate was to be entitled to receive and claim the estimated value of said houses from the lessor, *Mrs. Blanchard.*

"The petitioner then alleges, that a petition was filed in her name, by her attorney, *Mr. Browne,* setting forth the necessity of selling said lease, and that an order was granted by the court ; the property was offered, but not sold ; that, afterward, on the 11th of December, 1855, *Todd & Co.,* creditors, took a rule on the executrix, which was excepted by the said *Browne,* to show cause why property of the estate should not be sold to satisfy their claim, and the rule was made absolute.

"Petitioner complains that no property whatever was specified in said rule, nor in the judgment ; that a copy of the judgment, making said rule absolute, was delivered to *Beard,* auctioneer ; and on the 27th of December, 1855, the auctioneer pretended to sell the lease, for the price of one dollar, to *Mrs. Blanchard.*

"The executrix further states, that no order for the sale of said property was ever rendered by the court ; that no property was specified in said rule, nor in the judgment ; nor was the application made in the name of petitioner by her said agents, as they should have done, to have some specific property sold.

"The petitioner prays that the sale of said lease be declared null and void, and that *Mrs. Blanchard* account for receipts, &c.

"The defendant denies all that is not admitted ; states that she is owner of the lease, and in possession one year and eleven months at the time of service of the petition."

Judgment was rendered in the lower court, rescinding the sale of the lease, on the executrix paying the defendant $500, and the latter appeals.

The executrix at one time applied for the sale of the lease, and the same was ordered by the court to be sold by *J. A. Beard,* auctioneer, for one-fourth cash, and balance on a credit of six months. No sale was effected under this order.

Subsequently, *S. M. Todd & Co.* obtained an order on a rule against the executrix, requiring her to sell property for the payment of debts. This order was general ; no property was pointed out, no terms were fixed, and no auctioneer was empowered to make the sale, and a suspensive appeal was taken from the same.

Nevertheless, pending the appeal, the Clerk issued a commission to sell, and *J. A. Beard,* the auctioneer, sold the lease *for cash,* and the same was bought in by the defendant, for one dollar. This sum appears to have been paid over to the executrix, for it figures in the account.

The auctioneer was without authority to sell. During the pendency of the suspensive appeal, the power of the District Court to sell, was not only superseded, but that court had made no order to sell the lease for cash.

If the appellant refer to the decree upon *Todd & Co.'s* rule as authority, that merely directed the executrix to take steps to sell. If she refer to the first order, and that can be considered still in force, it will not justify the sale, because the

terms were different, viz, one-fourth cash, and the remainder on a credit of six months.

The sale, then, was void, for want of an order of sale. *Robert v. Brown*, 14 An. 597.

But it is supposed that the receipt of the price by the executrix, amounts to a ratification of the sale.

The executrix being invested by law with powers of administration only, could not ratify a sale void for want of an order to sell, and the tender of the price as a prerequisite to the action, does not seem in the present case to be absolutely essential, as an account is to be adjusted between the parties. *Robert v. Brown,* 14 An. 597.

The appellee prays for an amendment of the judgment by reducing the amount allowed by the District Judge for insurance, taxes, &c., &c., by striking therefrom the premiums paid for insurance. The clause in the lease is somewhat ambiguous, but as the policies of insurance taken out by the defendant could not have benefited the succession in the event of the distruction of the houses built by *Smelser*, to which this clause in the lease appears to refer, we think the amount of the premiums, viz, one hundred and sixty-two dollars, less one dollar, the price of the lease, ought to be deducted from the $556 27, allowed by the District Judge. See *Farrell v. Klumpp*, 13 An. 311.

We attach no importance, it will be perceived, to the unfounded allegations that the agents of the plaintiff were unfaithful, and rest the case upon very different grounds.

The affirmance of the judgment will only settle the right of the parties to the date of judgment appealed from.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be amended, by reducing the sum allowed the defendant from $556 27, to the sum of three hundred and ninety-five dollars and twenty-seven cents, and that the judgment, so amended, be affirmed ; the appellant paying the costs of appeal—and that the rights of the parties accrued or acquired since the date of the judgment of the lower court be reserved to them.

BUCHANAN, J., took no part in the decision of this case.