ANVIL HYDRAULIC & DRAINAGE CO. v. CODE et al.

(Circuit Court of Appeals, Ninth Circuit. October 3, 1910.)

No. 1,794.

1. MINES AND MINERALS (§ 23*)—CLAIMS—ASSESSMENT WORK—PLACE.

Where several claims are held in common, the annual assessment work for all may be done on one of the claims or on adjacent patented land or even on public land, provided the claims are contiguous and the work is for the benefit of all of them, and tends to develop them all, and facilitate the extraction of ore therefrom.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 51–59; Dec. Dig. § 23.*]

2. MINES AND MINERALS (§ 23*)—"CONTIGUOUS CLAIMS."

Mining claims which touch each other only at a common corner are not contiguous within the rule authorizing the performance of assessment work for several contiguous claims on any one of them.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 51–59; Dec. Dig. § 23.*]

3. MINES AND MINERALS (§ 38*)—ASSESSMENT WORK—WORK DONE ON OTHER PROPERTY—INSTRUCTIONS.

On an issue as to the performance of assessment work on certain mining claims, defendant proved that a drain that it had constructed in 1905 on two of its claims nearly two miles distant from that in controversy was for the benefit of that claim, and that it was intended to extend the drain thereto. The court charged that, before any work performed outside a claim can be considered as assessment work done on the claim, it must be shown that such work was of value to the claim on which it is sought to apply the work as annual labor, generally enhancing the money value of the claim or in the way of prospecting, developing, or operating it. *Held*, that such instruction was not objectionable, in that the court thereby eliminated the question whether or not the drain, when completed, would be of benefit to the claim in controversy.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 109; Dec. Dig. § 38.*]

In Error to the District Court of the United States for the Second Division of the District of Alaska.

Ejectment by William F. Code and another against the Anvil Hydraulic & Drainage Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Leander T. Turner, Dudley Du Bose, T. M. Clowes, George B. Grigsby, and Thomas R. Shepard, for plaintiff in error.

Albert Fink, P. D. Overfield, O. D. Cochran, and Thos. R. White, for defendants in error.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The writ of error in this case brings under review the instructions given by the court below to the jury on the trial of an action of ejectment, in which was involved the title to placer claim No. 2 on Holyoke creek in the Nome mining district. The defendants in error had brought the action, claiming under a location made on April 9, 1906, following the alleged failure of the

plaintiff in error to do the assessment work on the claim for the year 1905. The plaintiff in error claimed under a location made on January 10, 1901, and contended and offered proof to show that it had done the assessment work for the year 1905. It failed to prove that the requisite work had been done upon the claim itself, but it offered proof tending to show that a drain which it had constructed in the year 1905 on two of its claims nearly two miles distant from the claim in controversy was for the benefit of that claim, for the reason that it had intended to extend the drain through its contiguous placer claims to and through the claim in controversy, and it offered evidence tending in some degree to show that such drain, when so constructed, would be of benefit in extracting the gold from that claim.

Where several claims are held in common, the annual assessment work for all may be done upon one of the claims or upon adjacent patented land or even upon public land provided that the claims are contiguous, and that the work is for the benefit of all of them, and tends to develop them all and to facilitate the extraction of ore therefrom. Chambers v. Harrington, 111 U. S. 350, 4 Sup. Ct. 428, 28 L. Ed. 452; Jackson v. Roby, 109 U. S. 440, 3 Sup. Ct. 301, 27 L. Ed. 990; Smelting Co. v. Kemp, 104 U. S. 655, 26 L. Ed. 875; Book y. Justice Min. Co. (C. C.) 58 Fed. 106; Jupiter Min. Co. v. Bodie Con. Min. Co. (C. C.) 11 Fed. 666; Royston v. Miller (C. C.) 76 Fed. 50; Gird v. California Oil Co. (C. C.) 60 Fed. 531; Power v. Sla, 24 Mont. 243, 61 Pac. 468; Yreka Min. & Mill Co. v. Knight, 133 Cal. 544, 65 Pac. 1091; Fissure Mining Co. v. Old Susan Min. Co., 22 Utah, 438, 63 Pac. 587; Little Dorrit Gold Min. Co. v. Arapahoe Gold Co., 30 Colo. 431, 71 Pac. 389; Upton v. Santa Rita Mining Co., 14 N. M. 96, 89 Pac. 284. In Smelting Co. v. Kemp the court said:

"Labor and improvements within the meaning of the statute are deemed to have been had on a mining claim whether it consists of one location or several, when the labor is performed or the improvements are made for its development—that is, to facilitate the extraction of the metals it may contain—though in fact such labor and improvements may be on ground which originally constituted only one of the locations, as in sinking a shaft, or be at a distance from the claim itself, as where the labor is performed for the turning of a stream or the introduction of water, or where the improvement consists in the construction of a flume to carry off the débris or waste material."

In Chambers v. Harrington it was said:

"It is equally clear that in such case the claims must be contiguous so that each claim thus associated may in some way be benefited by the work done on one of them."

In the light of these authorities it would seem that, irrespective of the questions raised on the instructions to the jury, the judgment of the court below should be affirmed, for the reason that the claim in controversy was not contiguous to the other claims in the group, for the benefit of which the work was done. Breaking the continuity of the group is claim No. 1 above, which lies between Discovery and No. 1 Holyoke. The two claims last named are not made contiguous by the fact that Lucky Fraction corners with each. Two tracts of land which touch only at a common corner are not contiguous. Linn County Bank v. Hopkins, 47 Kan. 580, 28 Pac. 606, 27 Am. St. Rep.

309; Kresin v. Mau, 15 Minn. 116 (Gil. 87); Griffin v. Denison Land Co. (N. D.) 119 N. W. 1041; Hidden Treasure Consol. Quartz Mine, 35 Land Dec. 485.

But, considering the whole of the charge given to the jury, we are not convinced that there was error in the instructions which are excepted to. According to the undisputed testimony, the drain which had been constructed was as yet nearly two miles away from the claim in dispute. Officers of the plaintiff in error testified that it was the intention of the corporation to extend it through its intervening claims, and through the claim in controversy, and that, when so constructed, it would be of benefit to the latter claim in thawing the frozen ground thereof. As to whether the drain when completed would have this effect, there was conflict in the testimony, and there was testimony of experts that the drain would be of no value to claim No. 2 Holyoke. Pertinently to the testimony in the case, the court instructed the jury that:

"Before any work performed outside of the boundaries of a claim can be considered as assessment work done on the claim, it must be shown that such work was of value to the claim upon which it is sought to apply said work as annual labor, either generally in enhancing the money value of the claim, or in the way of prospecting, developing, or operating it."

To this and other instructions substantially the same, the plaintiff in error excepted, on the ground that thereby the court eliminated from the consideration of the jury the question whether or not the drain when completed would be of benefit to claim No. 2 Holyoke. We do not think that the jury could so have understood the instructions. All the conflicting testimony in the case related to the question whether or not the drain when completed would be of benefit to the claim. The submission of the question to the jury could only have been upon the theory that the jury were to consider the effect of the drain when completed. If the inquiry had been only as to the value to the claim of an uncompleted drain two miles distant, there could have been no question for the jury to consider, and the court would have ruled as matter of law that such an improvement was of no possible value to the claim. That such was the understanding of the court and jury is made clear by the fact that elsewhere in the instructions the court defined the expression "work of benefit or value" to the claim, which had been used in the charge, and said it meant "work which tends either to enhance the value of the claim in dollars and cents, or which is of use in prospecting, developing or operating the claim as a mining claim." It goes without saying that a drain two miles away from a placer claim, without an intention to extend it, does not tend in any way to enhance the money value of that claim, and is of no use whatever in prospecting, developing, or operating it. On the other hand, it is conceivable that such a drain thus begun under a definite plan for its extension through a series of claims might, when completed, be of great benefit and value to each. In such a case work done at a distance from any one of the claims might be reckoned as assessment work thereon, since it would tend to its benefit or improvement. The court in its instructions gave the plaintiff in error the benefit of all its evidence as to the extent of the work done on the drain, its intention

to complete the same, and the resulting benefit to the claim in question.

We find no error. The judgment is affirmed.