ST. PAUL, J.
This is an action of slander of title. Plaintiffs hold certain lands which they acquired through mesne conveyances from defendant, who at the time had reserved to himself “all oil and gas and other valuable minerals that may be under the surface of said land, with the right to mine them,” etc.
Plaintiff claims that said reservation constituted only a servitude upon the land and did not create a separate corporeal estate in such oil, gas, and other minerals, and that same has been lost by nonuser for more than ten years.
I.
In Frost-Johnson Lumber Co. v. Sailing’s Heirs, 150 La. 756, 91 South. 209, this court held that a reservation of the oil and gas beneath the land did not create a Separate estate but only a servitude, which was lost by nonuser for ten years.
In Wemple v. Nabors Oil Co., 97 South. 666,[1] this day decided, we hold that the same is true as to all other minerals. Hence the rights of the defendant herein to mine the oil and gas and other minerals beneath the soil of the lands in controversy has been lost, unless it be shown that said right has been kept alive by some use thereof within 10 years after the reservation, which the evidence shows was made in the year of 1906.
*493 II.
It is shown that in the year 1914, and therefore within 10 years after the reservation, as also within 10 years before the filing of this suit (1920), the Gulf Refining Company, under a lease from defendant, drilled an oil well in section 31, township 14 north, range 11 west; and therefore as to that section the prescription of 10 years did not run.
But that section does not form a continuous tract with any other part of the lands in controversy, being removed from all the other lands mentioned in said reservation, except that the southwest point of said section 31 is common to the northeast point of the lands in section 1 of township 13 north, range 12 east.
We are of opinion that the exercise upon any part of a continuous tract of land of a servitude extending over the whole tract preserved the servitude over the whole for the reason that there is but one servitude on the whole tract.
On the other hand, we think that servitudes extending over separate tracts'of land constitute distinct servitudes; and that the exercise of the right over one of these tracts will not serve to preserve the right over other and distinct tracts. For instance, the right of passage on lands to my right, and also on lands to my left, clearly constitute two distinct servitudes, although created by the same title; and by exercising my right only on one side I indicate no intention of preserving my right on the other.
And to constitute a single tract of land the lands must be so situated that one may pass from one part to the other without passing over the lands of another. But, as it is impossible to pass through a mere point, it follows that one cannot pass from said section 31 to section 1 without passing over other lands. See Anvil Hydraulic & Drainage Co. v. Code, 182 Fed. 205, 206, 105 C. C. A. 45, and authorities there cited.
We are therefore of opinion that defendant has preserved his rights as to section 31 but not as to the other lands in controversy.
Defendant being plaintiff in the petitory action, and having succeeded for part of his claim, is entitled to costs.
Decree.
The judgment appealed from is therefore reversed, and it is now ordered that plaintiffs E. P. Lee and J. A. Jackson, be declared to own the following described property, free from any claim to the minerals thereunder op the part of defendant Florian Giauque, to wit: W. V2 of S. W. Vi, section 1, T. 13 N., R. 12 W. Whole N. W. Vi, section 1, T. 13 N., R. 12 W. N. E. Vi of S. E. Vi, section 27, T. 14 N., R. 12 W. S. Vs of S. W. Vi, section 25, T. 14 N„ R. 12 W. E. % of N. E. Vi, section 35, T. 14 N„ R. 12 W. Whole S. ;E. Vi, section 35, T. 14 N., R. 12 W. S. Vs of S. W. Vi, section 35, T. 14 N., R. 12 W.
It is further ordered that defendant, Florian Giauque, be recognized as entitled to the right tó mine all the oil, gas, and other minerals in and under the following described lands belonging to plaintiffs E. P. Lee .and J. A. Jackson, to wit: Whole of section 31, T. 14 N„ R. 11 W., except the E. Vs of. E. Vs thereof.
It is further ordered that plaintiffs E. P. Lee and J. A. Jackson pay all costs of both courts.
O’NIELL, C. J., subscribes to the decree.
LAND, J., dissents.
OVERTON, J., dissents in so far as respects the ruling maintaining the plea of prescription with respect to solid minerals and the rejection of defendant’s claim to them, but in other respects concurs.