No. 2999

**Second Circuit**

MANDEL v. McANN

(April 9, 1931.   Opinion and Decree.)

Chas. F. Crane, W. H. Scheen and J. B. Herold, of Shreveport, attorneys for plaintiff, appellant.

Thigpen, Herold, Lee & Cousin, of Shreveport, attorneys for defendant, appellee.

STEPHENS, J.   This is a petitory action in which the plaintiff seeks to be decreed the owner, and as such entitled to the possession of, the SE¼ of SW¼ of section 14, township 15 north, range 11 west, Bossier parish, La.

The plaintiff alleges that the property in question was acquired by David I. Hooks under mesne conveyances out of the United States government on November 4, 1862. This is admitted by the defendant, and the titles pleaded by each show that David I. Hooks was the common author under which each party claims ownership; for each is asserting title by mesne conveyances out of the said Hooks.

According to the allegations of plaintiff's petition, the property in question was sold by the sheriff of Bossier parish under order of court, in the matter of the succession of David I. Hooks, on February 1, 1868, and was purchased by George A. F. Poole under deed duly recorded. Thereafter, the heirs of G. A. F. Poole, under date of November 12, 1909, had a partition of all the properties belonging to said Poole and his deceased wife in community, in which partition the said 40 acres together with the other lands, totaling 197 acres, more or less, were set aside to James R. Bryant, one of said heirs, the particular property set aside to the said James R.

Bryant, including said 40 acres, being described as follows:

"SE¼ of SW¼, NW¼ of SW¼ and that part of the S½ of NW¼ lying south of Flat River in Section 14; that part of the SE¼ of NE¼ lying South of Flat River, and the SW¼ of NE½ and 26 acres off of the North part of NW¼ of SE¼ of Section 15, T. 15 N., R. 11 W., containing 197 acres, more or less."

The plaintiff further alleges that the said 197 acres acquired by the said Bryant under the partition proceedings referred to were incorporated by Bryant into one plantation and has since that time, as one plantation and under the identical description, passed by mesne conveyances out of the said Bryant into the plaintiff. Plaintiff further alleged that the defendant, D. J. McAnn, was in the illegal possession of the 40 acres referred to, and the prayer of his petition is that he be decreed the owner of the 40 acres referred to and entitled to the possession thereof.

The answer, as stated, admitted that the 40 acres was acquired by David I. Hooks by mesne conveyances out of the United States government on November 4, 1862, but alleged that the sale of said property on November 1, 1868, by the sheriff in the succession proceedings of David I. Hooks, deceased, was null and void for the reason that no order of court authorized said sale, nor was there any commission issued to make said sale, and that by said sale the said George A. F. Poole acquired no title to said property. The answer further alleged that on October 27, 1869, the sheriff of Bossier parish, in the matter of the succession of David I. Hooks, acting pursuant to a commission to him directed of date August 10, 1869, issued in said succession under authority of an order of the parish court of Bossier parish, La., sold said properties to pay debts of the succession, and that the land in question was acquired by John R. Griffin under deed duly recorded on November 6, 1869, in Conveyance Book 7, page 555, Records of Bossier Parish, La., together with other properties, which said properties purchased by the said Griffin in said succession sale are set forth in said deed as follows:

"E½ of SE¼ of Section 15; S½ of SW ¼ of Section 14, T. 15 N., R. 11 W., containing 160 acres, more or less."

And that said 160 acres sold to the said Griffin in said succession sale formed one solid body of land, each of the governmental subdivisions composing the same being contiguous tracts, and that said defendant held title to the said 160 acres purchased by the said Griffin in said succession sale under mesne conveyances out of the said Griffin, which said conveyances were set forth in detail in article 14 of defendant's answer. Defendant further pleaded that the respective owners of said 160 acres, which includes the 40 acres in controversy, had, during their ownership, been in actual corporeal possession thereof, cultivating a part of said 160 acres yearly, and that said deed under which each of the authors in title of defendant acquired the said 160 acres were translative of ownership, and defendant pleaded the prescription of ten years, acquirendi causa, as vesting absolute title in him in case it were found that he did not have a legal title to all of said land by virtue of the deeds under which he claimed title thereto. He prayed that certain parties, as his authors in title, be called in warranty; that after due trial plaintiff's demands be rejected and his suit dismissed, but, should judgment be rendered in favor of plaintiff, then that the defendant have judgment against the parties called in warranty for the amount paid by him for said land, as well as for all damages he might sustain by virtue of said suit.

Upon these issues the case went to trial and resulted in a judgment sustaining the plea of prescription, and rejecting the demands of the plaintiff, and from this judgment plaintiff prosecutes this appeal. Defendant has answered this appeal, praying that the judgment be amended so as to decree him to have the legal as well as the prescriptive title.

The plaintiff and defendant both hold title to the 40-acre tract by straight, unbroken chain out of the succession of David I. Hooks; the said David I. Hooks having acquired title by mesne conveyances from the United States government.

The defendant contends that the succession sale under which George A. F. Poole is alleged to have acquired title, and through whom plaintiff claims, is an absolute nullity for the reason that no order of court authorized said sale, nor was there any commission issued to make such sale.

We are convinced of the correctness of defendant's position. Defendant's Exhibit 15 shows the entire proceedings by which George A. F. Poole is alleged to have acquired title to the 40 acres in question. A petition was filed in the succession of David I. Hooks by Anna J. Meriwether, as administratrix, in which she prayed that a new and correct appraisement and inventory of all the property belonging to the succession be made, and that said property be sold for cash, subject to the benefit of appraisement by W. H. Hill, sheriff and ex-officio auctioneer.

The order which is attached to the petition in question authorizing the sale of properties to pay the debts, and directing that a new and correct inventory and appraisement be made, was never signed, either by the parish judge or by the clerk of the district court. These proceedings further show that no writ of sale was ever issued to the sheriff to make said sale, and that there is no proces verbal attached to any writ executed by the sheriff showing said sale to be made. The instrument therefore, evidencing a transfer of title from the succession to plaintiff's ancestor in title, which is in the form of a deed from W. H. Hill, sheriff, to G. A. F. Poole, is clearly a nullity. It was incumbent on the plaintiff in this case to show that the sale under which G. A. F. Poole acquired title from the succession of D. I. Hooks was based on an order of court and a commission directed to the sheriff in pursuance thereof. The plaintiff has not only failed to sustain this burden, but the succession records introduced by the defendant show, as a matter of fact, that the sale under which Poole claims title to the property was never authorized by the court and no commission ever issued to the sheriff to make said sale.

The unsigned order for the sale of the property which was filed in evidence by the defendant bears date of August 28, 1867, which is the identical date the petition above referred to of the administratrix of the succession to provoke the sale was filed. The deed made by W. H. Hill, sheriff, to G. A. F. Poole is dated February 1, 1868, and recites that the lands embraced in said deed were first advertised for sale to take place on November 16, 1867, the sale to be for cash and without the benefit of appraisement; that on the 16th day of November, 1867, said properties were offered for cash without any bids being received, and thereupon said sheriff re-advertised for fifteen entire days that he would sell said properties on twelve months credit on December 7, 1867; and that on December 7, 1867, said property was sold and adjudicated to George A. F. Poole. Undoubtedly, the sale under which Poole is alleged to have acquired title is

based upon the petition filed August 18, 1867, and the unsigned order filed on said date, and the succession records showing no authority from the court to make the sale, the sale was an absolute nullity.

The Supreme Court held in the Succession of Landry, 128 La. 333, 54 So. 870, 876:

"A sale of succession property, without an order of court, is an absolute nullity, which is not cured by the prescription of five years (Robert v. Brown, 14 La. Ann. 597); and a sale, upon terms other than those prescribed by the order, is a sale without an order of court (Smelser v. Blanchard, 15 La. Ann. 254)."

In Hyman v. Bailey, 13 La. Ann. 450, the court said:

"A party claiming title under a Sheriff's sale made by virtue of a fi. fa. in support of his title, must produce not only the sale of the Sheriff, but also the writ of execution, the Sheriff's return and the judgment."

In Clarkston v. Vincent & Co., 32 La. Ann. 613, the court said:

"It has been often held that, when a party relies on a title acquired by a sheriff's sale, he must show, not only the sheriff's deed, but the writ and judgment on which the sale is based."

The defendant claims title under a sale made by the sheriff in the succession of David I. Hooks on October 27, 1869, nearly two years after the alleged succession sale under which Poole claims to have acquired title. The record discloses that at this succession sale, John R. Griffin acquired the E½ of SE¼ of section 15 and S½ of SW¼ of section 14, township 15, range 11, and John C. Head the NE¼ of NW¼ of section 23, township 15, range 11. The succession sale made by the sheriff under which John R. Griffin and John C. Head claim title shows that Anna J. Meriwether, as administratrix of the succession of Da-

vid I. Hooks, petitioned the court to sell all the lands belonging to the succession to pay debts, and that an order was signed by L. W. Baker, parish judge of Bossier parish, La., directing that such a sale be made. This order is dated and filed August 10, 1869. Under the order, a writ of sale issued, directed to the sheriff of Bossier parish, authorizing him to make the sale. This commission issued on August 10, 1869. The proces verbal of the sheriff, annexed to the commission, reveals that in accordance with its provisions, he sold the succession properties on October 27, 1869, after due advertisement, and at said sale John R. Griffin bought the E½ of SE ¼ of said section 15 and S½ of SW¼ of said section 14, and John C. Head the NE ¼ of NW¼ of section 23.

The defendant holds the entire 200 acres just described under mesne conveyances out of John R. Griffin and John C. Head. The defendant, therefore, has produced legal evidence; that is, the petition for sale, the order of sale, the commission to sell, the proces verbal showing sale, and the sheriff's deed evidencing the sale. Defendant, therefore, shows a perfect title, and it is evident that the reason for making this second sale in the succession of David I. Hooks on October 27, 1869, was due to the fact that it was discovered that no order of court authorized the sale made on December 7, 1868. The title exhibited by the defendant appears to be perfect.

The map offered in evidence by the plaintiff shows that the 197 acres, to which plaintiff has a deed, is contiguous with the exception of the 40 acres in controversy. The 40 acres in controversy is the SE¼ of SW¼ of said section 14. This 40-acre tract attaches at a common point with the NW¼ of SW¼ of said section 14, which NW¼ of SW¼ of section 14 is contiguous

to the rest of the 197 acres claimed by the plaintiff. In other words, of the 197 acres covered and embraced in the deed held by the plaintiff, 157 acres is contiguous, but not so the 40 acres in controversy, for it only touches and is attached to the other 157 acres at a common point. The NW corner of the 40 acres in controversy is common to the SE corner of the NW¼ of SW¼ of said section 14, and the NW¼ of SW¼ is a part of the 157 acres that is contiguous. This 40 acres is all in the woods except a small part of the NE corner which the evidence shows has never been cultivated by the plaintiff but cultivated either by the owner of the NE¼ of SW¼, that is, by a man by the name of Smith, or by the owner of the W½ of SE¼ of section 14, that is, by a man by the name of Glover. The title of the defendant, as shown by his deed, covers the E½ of SE¼ of said section 15, S½ of SW¼ of section 14, and NE¼ of NW¼ of section 23. A glance at the map will show all of said lands to be contiguous. This 200 acres has come down to defendant through a line of titles dating back to 1869. The undisputed oral evidence is to the effect that a portion of the E½ of SE¼ of section 15 was in cultivation as far back as 1889; that two negroes by the names of Turner and Bagley acquired the 200 acres described, in 1902, from the then owner, and that they moved on the E½ of SE¼ at the time they acquired it and put in cultivation during the years immediately following, the greater portion of the SW¼ of SW¼ of section 14, and that about 120 acres, that is, all of the E½ of SE¼ of section 15 and SW¼ of SW¼ of section 14, has been in cultivation constantly since about 1902. The defendant, therefore, shows not only a perfect legal title, but a perfect prescriptive title, since the 40 acres in controversy is not only embraced, together with the remaining 160 acres, making the 200 acres to which he claims title, but in every deed forming his chain of title, adjoins and is contiguous to the 120 acres of same which has been in cultivation since about 1902. Possession of part under title to the whole is possession of the whole.

In the case of Lee v. Giauque, 154 La. 491, 97 So. 669, 670, there were two tracts of land conveyed in the same deed and these attached at a common corner. The Supreme Court, with reference to same, said:

"But that section does not form a continuous tract with any other part of the lands in controversy, being removed from all the other lands mentioned in said reservation, except that the southwest point of said section 31 is common to the northeast point of the lands in section 1. * * *

"And to constitute a single tract of land, the lands must be so situated that one may pass from one part to the other without passing over the lands of another. But, as it is impossible to pass through a mere point, it follows that one cannot pass from said section 31 to section 1 without passing over other lands. See Anvil Hydraulic & Drainage Co. v. Code, 182 F. 205, 206, 105 C. C. A. 45, and authorities there cited."

In Anvil Hydraulic & Drainage Co. v. Code, 182 F. 205, at page 206, the United States Circuit Court of Appeals, Ninth Circuit, said:

"Two tracts of land which touch only at a common corner are not contiguous."

We are of the opinion that the defendant is not only vested with a prescriptive title, as held by the district judge, but that he is also vested with the legal title, to the 40 acres in controversy, and as such is entitled to the legal possession thereof. The judgment of the district court is therefore amended to conform to this opinion, and as amended is affirmed.