## EDWARDS et al. v. CARR et al.
### No. 3772.

Court of Appeal of Louisiana. Second Circuit, Second Division.

May 4, 1932.

For former opinion, see 137 So. 637.

Argued before STEPHENS, CULPEPPER, and TALIAFERRO, JJ.

Lee & Williams, of Mansfield, for appellants.

Parsons & Colvin, of Mansfield, for appellees.

TALIAFERRO, J.

Application for rehearing was filed by all defendants. It was granted without restriction and the case has been reargued and briefed fully. Several assignments of error in our former opinion, 137 So. 637, and decree have been stressed, including the following:

(a) In rendering personal judgment against the defendants who were brought into the case by substituted process.

(b) In holding that Mrs. Guy and her coheirs (defendants) were responsible to their codefendants, Roscoe & Daniels, in warranty, for the entire price of sale of timber to said Roscoe & Daniels, notwithstanding other property was included in this sale, for this price, which is not involved in this suit.

The other assignments of error relate to questions raised and argued thoroughly before this court at first trial. All of them were maturely considered and discussed in detail in our original opinion. Further consideration of them has not altered the conclusions formerly reached by us.

It appears that Mrs. Guy is the only defendant, save Roscoe & Daniels, who is before the court through counsel. Her three coheirs were represented by a curator ad hoc appointed by the court. No personal judgment can be rendered against them under these circumstances.

The timber sold by defendants to Roscoe & Daniels was located on 47 acres of land. The price was $300. The timber was all cut and removed before this suit was filed, 85,000 feet in all, of which 75,000 feet was cut from the 40-acre tract in dispute. It is admitted by all parties that this 75,000 feet had a value of $300. Defendants contend that the measure of their liability on the obligation of warranty to Roscoe & Daniels is to be determined by taking 85,000 feet as a basis. They are correct, because they sold this quantity of timber for $300. On a proportionate basis they received $264.75 for the 75,000 feet. As Roscoe & Daniels actually cut and removed the timber, they are liable in solido to plaintiffs for its value. The liability of defendants on their warranty to Roscoe & Daniels is several.

For the reasons herein assigned, the judgment of the lower court is reversed, and there is now judgment in favor of plaintiffs and against defendants decreeing plaintiffs to be the owners of the land in controversy and as such entitled to possession thereof.

It is further decreed that plaintiff have and recover judgment against defendants M. S. Roscoe, W. T. Daniels, and Mrs. Susie H. Guy, in solido, for $300, with legal interest thereon from judicial demand until paid.

It is further ordered and decreed that the call in warranty herein be sustained as against Mrs. Susie H. Guy and, for the reasons herein given, there is judgment in favor of said M. S. Roscoe and W. T. Daniels and against her for $66.19, with legal interest from judicial demand. The rights of Roscoe & Daniels as against the other warrantors is reserved to them.

It is further ordered that costs of suit be paid by defendants Mrs. Susie H. Guy, M. S. Roscoe, and W. T. Daniels.

And as amended hereby our original opinion and decree is reinstated and made the final judgment of the court.