**TURNER et al. v. GLASS et al.**

No. 6108.

Court of Appeal of Louisiana. Second Circuit.

March 6, 1940.

Rehearing Denied April 4, 1940.

Writ of Certiorari and Review Denied April 29, 1940.

R. D. Watkins, of Minden, for appellants.

A. S. Drew, of Minden, for appellees.

HAMITER, Judge.

The issuance of a mandatory injunction is sought in this cause by plaintiffs for the purpose of compelling the removal of a fence that is allegedly obstructing a public alley located within the City of Minden, Louisiana. The trial court refused to grant the requested relief, and plaintiffs appealed from the judgment.

North Broadway street of said city courses in a northeasterly and southwesterly direction. For the sake of convenience, however, we shall refer to it as running east and west; and all descriptions given herein will be predicated on that directional assumption.

Facing that thoroughfare on its north side are lots 170, 171 and 172, the former being west of lot 171 and the latter east thereof. Each is 80 feet wide and 200 feet deep. Between lots 170 and 171, and running their full length, is a strip of land 30 feet in width.

The east 77 feet of said lot 170 is owned by the defendants, Mrs. Grace Childs Sugg, William Clarence Sugg, Jr., and Tommy Sugg, while defendant Thomas A. Glass owns lot 171.

In the rear or north of, and contiguous to, lots 171 and 172 is a tract of land belonging to the plaintiffs, June H., John K., Phares and Sidney Turner, the southwest corner of which is the northwest corner of lot 171. The west line of plaintiffs' said tract, being 230 feet in length, is a continuation in a northward direction of the west line of said lot 171.

The aforementioned 30-foot strip of land that lies between lots 170 and 171 has never been used as a public passageway. It has served only as a private driveway for the owners of those adjoining lots. Extending across its north end, that is, from the northeast corner of lot 170 to the northwest corner of lot 171, is a fence which has stood continuously since 1904.

It is urged by plaintiffs in support of their application for the mandatory injunction, and they so allege in the petition, that the said 30-foot strip is a dedicated alley running the full length of said lots, or 200 feet, and that it continues northward as an alley along the entire western boundary of the tract owned by them, an additional distance of 230 feet. They pray, in substance, for judgment ordering defendants to forever remove and demolish the obstruction, meaning the fence, now standing across said alleged alley; decreeing that a public passageway separates lots 170 and 171, having a width of 30 feet fronting on North Broadway street and running back between parallel lines the length of those lots and the further distance of 230 feet along plaintiffs' tract; and compelling defendants to recognize the existence of that alley.

Defendants, in their answer to the merits, aver that no part of said disputed strip of land has ever been set aside or dedicated as an alley; and they ask that plaintiffs' demands be rejected.

On the trial of the case plaintiffs, through their counsel, offered in evidence a map asserted by them to be the official plat of the City of Minden. It appears in Map Book 1 of the office of the Clerk of Court of Webster Parish, and is a copy of a tracing made in 1903, of the original and privately owned map of the City of Minden that was prepared in 1851 by Williamson Jones. Strenuous objections from defendants' counsel met this offering, among which was that the original document is the best evidence until such time as its destruction or loss is proved. The map was admitted in evidence subject to the objections urged.

This introduced instrument, which, for the sake of this discussion, we shall assume is the official map of Minden and was admissible in evidence, shows a vacant space between lots 170 and 171 representing a strip of land having a width of 30 feet and a length of 200 feet. The map, however, does not in any manner indicate that this proposed alley, if it was intended as such, continues or extends beyond or north of the northern extremities of such lots or the complained of fence; and the testimony in the record discloses no extension or continuation of it. In view of this, and as the southwest corner of the tract belonging to plaintiffs is the northeast corner of the 30-foot strip, it must be held that their property does not abut and is not contiguous to the alleged passageway which they contend is obstructed by the fence. "Two tracts of land which touch only at a common corner are not contiguous." Anvil Hydraulic & Drainage Co. v. Code, 9 Cir., 182 F. 205, 206, 105 C.C.A. 45; Lee et al. v. Giauque, 154 La. 491, 97 So. 669; Mandel v. McAnn, 16 La.App. 125, 133 So. 477; Edwards et al. v. Carr et al., 19 La. App. 827, 137 So. 637, 141 So. 388.

If it be assumed further that the strip lying between lots 170 and 171 is a dedicated alley, and considering that there is no extension of it, we see no legal justification for plaintiffs' complaint regarding the existence of the fence. This structure stands at and defines the north end of the passageway. It separates such alley from property belonging to persons other than plaintiffs. For the latter to enter on or exit from their tract, by way of the alley, the traversing of the property owned by those other persons would be necessary; and it does not appear that they have been granted the privilege to do so. The use of the alley within its established limits is in no manner affected by the presence of the fence. Therefore, it is our opinion that the trial court correctly refused to issue the mandatory injunction.

By reason of our expressed views and holding, it is unnecessary for us to and we do not pass upon defendants' exceptions of no cause and no right of action, the question of whether or not the above mentioned instrument is the official map of the City of Minden and was admissible in evidence, or the question of whether or not the strip lying between lots 170 and 171 is a dedicated alley or street.

The judgment is affirmed.

DREW, J., recused.