Plaintiff brought this suit in jactitation alleging slander of title on the part of defendants of a certain tract of land of 15 acres, more or less, lying south of Murray Branch in the NE 1/4 of SW 1/4 of Section 18, Township 7 North, Range 4 East, LaSalle Parish, Louisiana, and asserting damages by reason of such slander for which he sought judgment in the sum of $1,000 against defendants.
By answer defendants asserted title to the property in question, thus assuming the position of plaintiffs in a petitory action. For the purpose of this opinion the parties will be referred to in accord with their original status as plaintiff or defendant, irrespective of the change effected by the conversion of this action.
Intervening in the suit, Truman V. Collins, plaintiff's vendor and warrantor, appeared by petition praying for judgment in favor of plaintiff. Intervenor asserted an interest on the ground that in his conveyance of the property in dispute he had reserved an undivided one-half interest in the minerals.
Plaintiff filed exceptions of no cause or right of action, which were overruled. After trial on the merits there was judgment in favor of plaintiff and against the *Page 775 
defendants rejecting the claims of title on the part of defendants, directing them to desist from the acts of slander of title complained of, and denying plaintiff's claim for damages by reason of the slander of his title.
From this judgment defendants appealed. Plaintiff has answered the appeal, and, in such answer, he reasserts and reurges his exceptions and prays that this court consider same on the record as made up, and render judgment sustaining said exceptions. In this answer to appeal plaintiff also prays for judgment for damages resulting from the acts of slander of title on the part of defendants.
[1] We think plaintiff is entitled to consideration by this court of the exceptions of no cause and no right of action on the record as now before us, in view of the fact that this action is specifically prayed in his answer to the appeal.
The exceptions are based on the following propositions:
(1). That defendants set out, as the inception of their title, a deed under which their author in title acquired the following described property: NW 1/4 of SW 1/4 and all the NE 1/4 of SW 1/4, Section 18, Township 7 North, Range 4 East, La.Mer. lying north of Murray Branch and south of Sandy Run, containing 65 acres, more or less, which description does not comprehend nor include the property in the NE 1/4 of SW 1/4 south of Murray Branch, which is involved in this litigation.
(2). That defendants' petition alleges the sale of that part of the NW 1/4 of SW 1/4 lying south of the branch, which sale was made by the immediate predecessor in title of one of defendants, to a third party; that the same vendor subsequently sold all of the NW 1/4 and SW 1/4 north of the branch to Clarence Hailey, one of the defendants from whom all other of the defendants acquired title to their respective interests.
(3). That the effect of these transfers of title resulted in a separation of that part of NW 1/4 of SW 1/4 north of Murray Branch and that part of the NE 1/4 of SW 1/4 south of the branch, which is the object of this suit, to the extent that the two tracts were not contiguous since the boundaries did not adjoin but cornered at the branch itself.
(4). That defendants, alleging prescription as the basis of their claim to title, set out in their answer, with reference to specific acts of possession, only a possession by the "authors or previous owners" with respect to that portion of the NW 1/4 of SW 1/4 north of the branch and failed to allege any actual possession of the 15-acre tract in the NE 1/4 of SW 1/4 south of the branch.
(5). Additionally, that defendants' answer neglected to set up which authors or previous owners exercised acts of possession, or the dates or periods thereof, or that such possession and the alleged possession of defendants had been contiguous.
Examination of the pleadings largely bears out the claims advanced in support of the exception. Counsel for plaintiff in brief stated that the trial judge observed that he would sustain the exception except for the fact that he was not reasonably certain of the fact that the use of the word "Mathis" Branch in the instrument severing title to the small tract south of the branch in the NW 1/4 of the SW 1/4 from the remainder of said 40-acre tract was an erroneous denomination of "Murray" Branch. This statement of plaintiff's counsel is nowhere denied and from our study of the record we think it is conclusive that this must have been a correct statement of the only reason the trial judge could have had for overruling the exception. This error is definitely disposed of by the stipulation of counsel to the effect that the branch or creek referred to in the several deeds bearing upon title to this property was variously known as "Mathis Branch", "Murray Branch", or "Murray Spring Branch", and it follows that the water course must be regarded as being one and the same, by whichever of these names it was described.
It was further comprehended by the stipulation referred to that all acts of physical occupancy and possession relied upon by defendants were confined to 'only that part of the NW 1/4 of SW 1/4 north of the branch. *Page 776 
In the light of these facts and stipulations it is evident that defendants' reliance upon prescription as the basis of title to the property involved in this action was based upon a constructive rather than an actual possession.
[2] While it is established that possession of a part of a tract shall be considered as possession of the whole for purposes of prescription, it is equally well established that the "whole" must be made up of contiguous lands and not of separate tracts.
[3] It is well settled that a common point of contact between separate tracts of land does not make them "contiguous". Anvil Hydraulic Drainage Co. v. Code, 9 Cir., 182 F. 205, 105 C.C.A. 45; Lee, et al. v. Giauque, 154 La. 491, 97 So. 669; Mandel v. McAnn, 16 La. App. 125, 133 So. 477; Edwards, et al. v. Carr, et al., 19 La. App. 827, 137 So. 637, 141 So. 388; Turner, et al. v. Glass, et al. La. App., 195 So. 645.
[4] We conclude therefore that the exception which is directed to defendants' pleading on the point discussed, and which we have considered in the light of the record as made up before us, including the stipulations above noted, is entitled to be maintained.
[5] We are further of the opinion that defendants' pleading is vulnerable in that they have failed to plead that nature of possession which is required by Article 3487 of the Civil Code as the basis for the plea of prescription, particularly with reference to the requirement that the possession pleaded shall have been continuous and unequivocal.
In view of our finding that plaintiff's exception should be sustained, we do not deem it necessary to set forth the sequence of title and the burdensome details which go to make up the lengthy and voluminous record in this case.
Having disposed of defendants' claim of title on the exception, the petitory action feature of this case passes from consideration and it only becomes necessary now to determine plaintiff's rights under his action in slander of title and the claim for damages in connection therewith.
The facts in the record before us abundantly support plaintiff's contention that defendants have been guilty of slandering his title, and, indeed, no serious attempt is made to deny or to justify these acts by defendants save on the basis of their claim of title, which claim has been disposed of as hereinabove stated. Accordingly, it follows that plaintiff is entitled to judgment against defendants on this phase of the suit.
We do not find sufficient support under the facts of this case for disturbing the judgment rejecting plaintiff's claims for damages.
It is noted that judgment of the district court does not mention the rights of Truman V. Collins, intervenor, but since, in our opinion, judgment as rendered in the lower court and as amended and rendered herein in favor of plaintiff, fully protects the rights of the intervenor, we see no point in making any change on this ground.
In view of the conclusions which we have reached in this case, supported by the reasons hereinabove advanced, we feel it necessary to amend and recast the judgment appealed from.
Accordingly, there is judgment in favor of plaintiff, James E. Hudnall, sustaining the exception of no cause of action filed on his behalf as against the defendants, Clarence H. Hailey, William Davis Hailey, Walter B. Hailey and Lois Belle Hailey LaCroix, and dismissing the answer of said defendants insofar as same asserts title to: All of the land South of Murray Branch in NE 1/4 of SW 1/4 of Section 18, T. 7 N., R. 4. E., LaSalle Parish, Louisiana.
There is further judgment requiring the defendants-appellants above named to institute suit against plaintiff, in revendication of their rights, within 60 days after this judgment shall become final, and, in default of such suit being instituted within the time fixed, that the said defendants-appellants be thereafter forever barred from setting up any claims, rights or privileges to, on or against the property described in plaintiff's petition, and plaintiff be empowered to cause the Clerk of Court for LaSalle Parish to erase from the conveyance and mortgage records of that Parish *Page 777 
the instruments described in plaintiff's petition so far as they bear upon and affect the property above described.
There is further judgment rejecting plaintiff's claims for damages, all at appellants' cost.