COOKS, J.,
dissents.
| Tommy Gordon Cassel (Cassel) sold 80 acres more or less to his sister, Gertrude Cassel Ray (Ray), in 1969 without a reservation of mineral rights. Prior to that *94 sale, the Sabine River Authority acquired 8.27 acres of that 80 acre tract from Cassel in 1966 with Cassel reserving the mineral rights to himself. After Ray’s death Cas-sel sold all of his interest in Ray’s estate to Carolyn Plummer Sheridan (Sheridan) and recited in the deed he was conveying to Sheridan all of his “right, title, claim and interest, real and personal, in and to the Estate of Gertrude C. Ray ... including ... all movables and immovables in the State of Louisiana.” Sheridan filed a peti-tory action in 2010 claiming ownership of the mineral rights in the 3.27 acre tract by virtue of the cash deed which conveyed 80 acres, more or less, to Ray because, she asserts, that deed did not contain a reservation of mineral rights.
The majority affirms the trial court’s grant of summary judgment decreeing Sheridan the owner of the mineral rights on the 3.27 acre tract and denying Cassel’s motion for summary judgment. For the reasons stated below I respectfully dissent.
As the majority states, we review motions for summary judgment de novo. I believe the evidence submitted in support of Cassel’s motion for summary judgment demonstrates Cassel is the owner of the mineral rights on the 3.27 acre tract as a matter of law and summary judgment should have been granted in his favor.
|2By cash sale dated June 22, 1966, Cas-sel sold to the Sabine River Authority a 3.27 acre tract in the “east)é of SE1/4, Section 35, T 9 N, R 14 W, Sabine Parish, Louisiana.” This 3.27 acre tract is particularly described by meets and bounds in the cash sale to Sabine carving it out of the original 80 acre tract. Cassel expressly reserved and excepted from that sale and “in perpetuity, all of the oil, gas and other minerals in, on and under said lands ...” This conveyance, with a reservation of mineral rights in favor of Cassel, created a new personal property right, a servitude, belonging to Cassel individually. Sabine became the naked owner of all mineral rights under this 3.27 acre tract subject to the servitude in favor of Cassel. Cassel’s interest in the minerals under this particular tract changed from full ownership to merely a servitude giving him the right to explore for and reduce to his possession minerals found under Sabine’s tract. On the other hand, Cassel’s full ownership interest in the minerals under the remaining 77 acre tract did not change.
Three years later, in a cash sale dated April 5, 1969, Cassel conveyed the following to Gertrude Ray:
Tommy Gordon Cassel, husband of Mary Vergilie Cobb, who declared that he does by theses presents, Grant, Bargain, Sell, and Convey and Deliver with full guarantee of title, and with complete transfer and subrogation of all rights and actions of warranty against all former proprietors of the property herein conveyed unto Gertrude Cassel Ray, a widow, the following described property, situated in the Parish of Sabine, Louisiana, to wit: The East half of the Southwest Quarter (El/2 of SE1/4) of Section 35, Township 9 North, Range 14 West, containing 80 acres, more or less, together with all buildings and improvements thereon. To have and to hold said described property unto purchaser her heirs and assigns forever. This sale is made for the consideration of the sum of ($10.00) Ten & no/100 Dollars and other good and valuable considerations, cash in hand paid, the receipt of which is hereby acknowledged.”
In a Quitclaim Deed dated March 18, 1980, Cassel conveyed and delivered to Sheridan “all of his interest including the life estate and/or usufruct in and to” certain described properties which included Tract # 3 described as “The E/2 of the |sSE/4 of Section 35, Township 9 North, *95 Range 14 West, less a 3.27 acre tract in the northwest corner, Sabine Parish, Louisiana, containing 77.0 acres, more or less.” On the same date, in a document entitled “Conveyance and Assignment of Interest in Estate”, Cassel conveyed to Sheridan:
[A]ll of my right, title, claim and interest, real and personal, in and to the Estate of Gertrude C. Ray, deceased, including, but not limited to all real property and all personal property of said estate in the State of Mississippi, and all movables and immovables in the State of Louisiana, including the life estate and/or usufruct on the above properties, and all rents, profits and income heretofore accruing thereon, and all other properties and assets of said estate, wheresoever located, and of whatsoever kind and nature, and all rights and claims of said estate of every kind and character.”
Subsequently, a Judgment of Possession in the estate of Ray was signed on April 9, 1980 which recognized Cassel as owing an undivided one-half interest of a usufruct over the 77 acre tract and recognizing Sheridan as the naked owner of all of the property described therein as “The E/2 of the SE/4 of Section 35, Township 9 North, Range 14 West, less a 3.27 acre tract in the northwest corner, Sabine Parish, Louisiana, containing 77.0 acres, more or less.”
Examining these documents reveals the public record clearly shows a 3.27 acre tract, identified by a meets and bounds description, was sold by Cassel to Sabine prior to his sale of the remaining approximately 77 acres to Ray. In the sale to Sabine, Cassel reserved the mineral rights over that specific tract to himself creating a new mineral servitude in his favor. Louisiana Civil Code Article 727 provides “A predial servitude may be established on a certain part of an estate, if that part is sufficiently described,” and Article 698 of the Louisiana Civil Code provides “Predial servitudes are established on, or for the benefit of, distinct corporeal immovables.” In Cassel’s sale to Sabine, the 3.27 acre tract is particularly described by meets and bounds and it is over this particularly described tract that Cassel establishes a new servitude of |4mineral rights. The Mineral Code, at La.R.S. 31:21 provides “A mineral servitude is the right of enjoyment of land belonging to another for the purpose of exploring for and producing minerals and reducing them to possession and ownership.” Our courts have held that a sale or reservation of minerals creates a real right in the nature of a servitude. Steele v. Denning, 445 So.2d 94 (La.App. 2 Cir.1984), writ granted 448 So.2d 109, affirmed 456 So.2d 992. The Louisiana Supreme Court has held that servitudes, such as the right to mine minerals, when extending over separate tracts of land, constitute distinct servitudes and therefore held the exercise of the right over one tract will not preserve the right over the other distinct tract. Lee v. Giauque, 154 La. 491, 97 So. 669 (1923). And in Ohio Oil v. Ferguson, 213 La. 183, 34 So.2d 746 (1946) the Louisiana Supreme Court stated that Lee v. Giauque, 154 La. 491, 97 So. 669, is “authority for the proposition that where the mineral rights are reserved on two or more separate tracts of land the effect is to establish as many servitudes as there are tracts of land”.
The sale to Ray did not and could not include the 3.27 acre tract which was carved out of the original 80 acre tract nor did that sale include the separate and distinct mineral servitude in favor of Cassel over that 3.27 acre tract created by his sale to Sabine. Thus, the estate of Ray did not include the 3.27 acre tract nor the mineral servitude in favor of Cassel over that specific tract. Ray’s estate owned *96 approximately 77 acres and the mineral rights appertaining to those acres only.
Therefore, as a matter of law, Cassel created a new and distinct mineral servitude over a particularly described tract of land which he never conveyed to Ray’s estate, nor to anyone else, which still belongs to him. I would reverse the judgment of the trial court and grant summary judgment in favor of Cassel.