144 So. 595

**EDWARDS et al. v. CARR et al.**

No. 31908.

Oct. 31, 1932.

Rehearing Denied Nov. 28, 1932.

Parsons & Colvin, of Mansfield, for relators.

Lee, Gilmer & Lee, of Shreveport, for respondents.

BRUNOT, J.

This suit is brought under the provisions of Act No. 38 of 1908, to test title to the S. E. ¼ of N. W. ¼ of section 11, township 12 north, range 13 west, in the parish of De Soto, and for the value of certain timber which was cut and removed from said land.

From a judgment rejecting plaintiffs' demands, and sustaining the defendants' plea of ten years' prescription acquirendi causa, the case was appealed to the Court of Appeal, Second Circuit. In that court the judgment appealed from was reversed. 19 La. App. 827,

137 So. 637. On rehearing the original judgment was amended (19 La. App. 827, 141 So. 388), but inasmuch as we find that the judgment of the district court is correct and should have been affirmed, we will content ourselves with merely quoting from the opinion of the Court of Appeal such parts thereof as we think pertinent.

David Creswell was the common author of the titles of the plaintiffs and the defendants. The respective chains of title are accurately traced in the original opinion of the Court of Appeal, as follows:

"Plaintiffs claim the property under the following chain of title out of David Creswell:

"(1) Deed dated April 1, 1867, duly recorded from David Creswell to Esther Creswell. (2) Judgment rendered October 18, 1913, in the matter of the succession of Esther Creswell Robertson, deceased, recognizing William Edwards, Lizzie Clay, Ellen Frazier, and Mary Wheeler, the four named plaintiffs, together with Joe Robertson, as the sole heirs at law of Esther Creswell Robertson, and as such placing them in possession of the above-described 40 acres of land. (3) Deed from Joe Robertson, one of above-named heirs, to Ellen Gates, one of the plaintiffs, under date of December 8, 1928, duly of record. (4) Tax deed from Esther Creswell Robertson in 1916 to Roy Thigpen, and a redemption deed by him to the deceased tax debtor's heirs above named.

"The defendants are the heirs of Joe T. Brown, deceased, except M. S. Roscoe and W. T. Daniels, which latter named two had cut and removed certain timber from the land under purchase from the Brown heirs. These

two have called their codefendants in warranty. The claim of the defendants to the land is based upon the following chain of title descending from David Creswell: (1) An alleged purchase by Julia Creswell from David Creswell at sheriff's sale on May 2, 1868. (2) Deed from Julia Creswell to Israel Brown, dated December 21, 1869, duly recorded. (3) Deed from Israel Brown to R. P. Brown, dated December 22, 1871, duly recorded. (4) Deed from R. P. Brown to Joe R. Brown, dated November 27, 1876. (5) Allegation in answer, which is admitted by plaintiffs, showing defendants to be the heirs and assigns of Joe R. Brown, deceased.

"Defendants aver they have a title superior to that of plaintiffs, but (quoting) 'in the alternative, respondents aver that by virtue of the facts hereinbefore set out, their title for said property has been perfected by the prescription of ten years, which prescription is herein specially pleaded.'

"Plaintiffs' title deeds on their face appear regular and to have been timely recorded. In the deed, however, from David Creswell to Esther Creswell in 1867, the vendor was represented by J. D. Wemple, as agent, and no power of attorney appears to have been recorded nor produced in evidence. Nevertheless, such defect as this may have caused to Esther Creswell's title has been cured by the lapse of twenty years under the decisions of the Supreme Court in Bedford v. Urquhart, 8 La. 248, and Delabigarre v. Second Municipality of New Orleans, 3 La. Ann. 238. Defendants appear not to seriously dispute that plaintiffs have shown an apparently valid title upon its face, but contend that they have also shown in themselves a valid title, and,

furthermore, in addition to such a title, they claim their title is supported by actual possession of ten years, and therefore they claim the ten-year prescription provided by law."

We find that the Court of Appeal erred in holding, upon the authority of the two cases cited in the last paragraph of the foregoing quotation, that the defect in the title from David Creswell to Esther Creswell was cured by the lapse of twenty years. In the Bedford-Urquhart Case, 8 La. 241, it was found that the sale was accompanied by tradition. The court said:

"The question, therefore, resolves itself into this, does the sale from Canas, styling himself the attorney in fact of Martin de la Madrid, constitute a just title which may form the basis of the ten years' prescription?

"That it is a sale, followed by tradition, is evident. The defect is, the want of evidence of the authority of Canas, and not a nullity of form. * * * The tradition of the thing in pursuance of the sale, certainly furnishes some presumption of authority, and the purchaser may well have supposed that he was buying from a person authorized to sell, and may be regarded as holding unimo domini, and in good faith."

In the Delabigarre-Second Municipality of New Orleans Case, 3 La. Ann. 230, the court found that the claimant had voluntarily executed and thereby ratified the acts of Lafon and Oddie more than twenty years before the institution of her suit. In the case of Buhols v. Boudousquie, 6 Mart. (N. S.) 153, this court held (quoting from the syllabus) that:

"When possession has followed a sale made by an agent for twenty years, his authority may be presumed."

The Buhols Case is cited with approval in both of the cases relied upon by the Court of Appeal. It is clear to us that the doctrine of the cited cases is that, where *possession* has never followed the sale, and the act of the agent, whose agency is not established, has never been ratified, the presumption of twenty years does not cure the defect. To justify the application of the presumption the claimant must have had and exercised such possession as would entitle him to successfully plead the prescription of ten years acquirendi causa.

The plaintiffs have never had possession of any part of the property in dispute. Some time prior to the filing of this suit, the defendants took actual possession of the property, fenced it, and for some years prior thereto exercised dominion over it by selling and having the timber thereon cut and removed from the land.

For the reasons stated the judgment of the Court of Appeal is avoided and reversed, and the judgment of the district court is reinstated and made the judgment of this court. The plaintiffs to pay all costs.