CRAIN, Judge.
This is an appeal from a judgment of the trial court in a petitory action finding in favor of plaintiff, David Mulkey, and against the defendant, Stoney-Point Missionary Baptist Church.
FACTS
The trial judge made the following findings of fact, which we adopt as our own:
I.
On February 28, 1934, New Orleans-Hammond Land Company, Inc., sold to Maurice B. O’Neil (ancestor in title of the third party defendants) Lots 10, 11, 12, 22, 23 and 24 of Square N of the Hammond Heights Subdivision. At an earlier date, the vendor corporation had recorded a plat of survey of the EV2 of the SWV4 of Section 1, T6S, R7E designating the same to be Hammond Heights Subdivision. This property is located in a rural area several miles east of Natalbany. *259 There is no evidence that the subdivision was ever developed.
II.
On December 19, 1946, New Orleans-Hammond Land Company, Inc. sold plaintiff a parcel described as 137 acres of land, more or less, being the EV2 of SWV4 and the NEVi of SEVi of Section 1, T6S, R7E and the NV2 of SWV4 of Section 6, T6S, R8E in the Parish of Tangipahoa, State of Louisiana, said land being also described as the Hammond Heights Subdivision and Pine Gable Acres Subdivision. The deed refers to the recordation of the plat of said subdivision. It thereafter states that the sale is less and except the sales of certain parcels to which it refers by the recording data. The prior sale to Maurice O’Neil is not listed as being excepted from the deed.
III.
At the time of the acquisition by plaintiff in 1946, the entire 137 acres, more or less, bounded on the south by the Natal-bany Highway and on the east by the Cherry Street Extension, was fenced. Plaintiff had already run cows on the entire parcel prior to his purchase, and he thereafter continuously kept and grazed cattle on the entire 137 acres. Plaintiff paid taxes on the property since his acquisition in 1946. Plaintiff kept up the fences around the perimeter of the property from his purchase in 1946 until he was disabled in 1981. He regularly walked or rode the fence line checking its condition to make sure it would contain his fifty some odd head of cattle and several horses which grazed on the entire tract.
IV.
When plaintiff was hospitalized in October, 1981, a Mrs. Jacobson checked the fences several times a week for plaintiff. In October of that year she discovered that a portion of the fences along the Natalbany Highway had been taken down. The family had been forced to dispose of plaintiffs cattle due to his illness, but she was concerned that plaintiffs horses would get out.
V.
Third party defendants apparently visited the property on very few occasions from the time their father acquired it in 1934. One occasion was after their mother’s death around 1974, when they found it was fenced and heavily wooded. They thereafter listed the property with one real estate agent and then another. One of the third party defendants testified that the agents ran ads and posted signs. However, no real estate agents were called to testify that signs were ever posted on the property, which would have notified the public that it was for sale.
VI.
On October 22, 1981, third party defendants sold the property in question to the defendant. Several representatives of the defendant visited the property. They found that the fence line was grown up in briars and underbrush. However, the testimony is clear that there definitely was a fence along the Natalbany Highway on the south side of the subject property. It was when some of the defendant’s members cut and removed a portion of the fence along the Natalbany Highway that this suit was instituted by plaintiff.
On March 24, 1982, plaintiff, David Mul-key, filed a possessory action against defendant, Stoney-Point Missionary Baptist Church, alleging that he was disturbed in his possession of a tract of land when defendant recorded an act of sale on October 23, 1981, wherein it purchased six lots in the described property from members of the O’Neil family.
The defendant subsequently filed an answer, reconventional demand and third party demand which denied plaintiff’s possession, set up its title to the six lots, and *260 called the O’Neil family (Marion O’Neil Prevost, Janice O’Neil Giffin, and Maurice O’Neil, Jr.) in warranty.
After trial on the merits, the trial court found that plaintiff had acquired the entire property under a deed translative of title; plaintiff was unaware of the prior sale; plaintiff immediately went into possession of the entire 137 acres (including the six lots in dispute); and this possession remained undisturbed until 1981. The trial court therefore held that plaintiff had acquired the property by prescription and was entitled to be recognized as owner. The court further held that the defendant was entitled to recission of the sale of the' six lots by the third party defendants, the O’Neil family and to restoration of the purchase price.
The O’Neil family, third party defendants, appeal, raising the following three assignments of error:
1. The district court erred in failing to find that David Mulkey did not maintain corporeal possession of Lots 10, 11, 12, 22, 23 and 24 of Square N of the Hammond Heights Subdivision sufficient to be found (a) a possessor for the purpose of a possessory action or (b) an owner by acquisitive prescription for the purpose of a petitory action.
2. The district court erred in considering the plea of the acquisitive prescription since that defense to a petitory action was never raised on behalf of David Mulkey.
3. The district court erred in finding that David Mulkey acquired ownership of the subject six lots by acquisitive prescription under La.C.C. art. 3478.
Appellant alleges as error that the trial court considered acquisitive prescription.
Acquisitive prescription is a mode of acquiring ownership or other real rights by possession for a period of time. La.C.C. art. 3446. Prescription must be pleaded. Courts may not supply a plea of prescription. La.C.C. art. 3452.
Plaintiff instituted this proceeding by filing what was labelled as a “Petition For Possessory Action and Injunction”. Paragraphs I and II of plaintiff’s petition read:
I.
On October 23, 1981, petitioner was, and he is now in possession of the immovable property located in this parish described as follows:
The East Half of the Southwest quarter of Section 1, T6S, R7E, Tangipahoa Parish, Louisiana.
The property described above is referred to in the remainder of this petition as “the property.”
II.
Beginning December 1946, when petitioner acquired the property from New Orleans-Hammond Land Company, Inc., et al, by act of sale and contending (sic.) until the present, petitioner has had possession of ‘the property’ as owner.
Defendant answered and filed a reconven-tional demand asserting title to the property. This converted the action to a petitory action. Plaintiff, as defendant in reconvention to the petitory action simply filed a general denial. However, the allegations in plaintiff’s original possessory action are still a part of the proceedings although the action is now a petitory action. Plaintiff did not go back and specifically label his pleading as a plea of acquisitive prescription, however, his original petition factually alleges it. We see no reason to require the plaintiff to reallege his original pleadings under a different label in order to assert title by acquisitive prescription. Louisiana has adopted the fact theory of pleading. La.C.C.P. arts. 854, 891, 1003, 1004. Where the facts pled are sufficient to give adequate notice of the claim or special defense to the opposing party, it is not necessary to specifically label that claim or special defense as such. Cox v. W.M. Heroman Co., Inc., 298 So.2d 848 (La.1974). The legislature has mandated in La.C.C.P. art. 5051 that “The articles of this Code are to be construed liberally, and with due re *261 gard for the fact that rules of procedure implement the substantive law and are not an end in themselves.” See Smith v. Scott, 345 So.2d 981 (La.App. 2d Cir.1977); Doescher v. Marcottle, 343 So.2d 345 (La.App. 4th Cir.1977); Haas Land Company v. O’Quin, 187 So.2d 208 (La.App. 3d Cir.1966). Appellants allude to the issue of acquisitive prescription in their pre-trial memorandum apparently conceding such plea by plaintiff. At trial, testimony relevant to the issue of prescription was offered without objection by third party defendants. Only at the close of trial did counsel of third party defendants object to the trial judge’s consideration of the issue that plaintiff acquired ownership of the property by acquisitive prescription. “So long as the facts constituting the claim or defense are alleged or proved, the party may be granted any relief to which he is entitled under the fact-pleading requirement or restriction.” Cox v. W.M. Heroman Co., Inc., 298 So.2d at 855. We hold that where a possessory action alleges facts sufficient to form the basis of acquisition of ownership by acquisitive prescription, and is subsequently converted to a petitory action by a defendant, it is not necessary to replead the same facts under a different title in order to prove acquisitive prescription.[1]
Plaintiff alleges in his petition that from December 1946 through October 1981, a period of almost thirty-five years, plaintiff possessed the property as owner. We find that plaintiff set forth facts in his petition which sufficiently allege acquisitive prescription. Accordingly, the trial judge was not in error in considering acquisitive prescription by plaintiff.
Appellant alleges as error that appellee did not show acts of possession sufficient to have acquired ownership of the property by acquisitive prescription. Appellant argues that where tracts are noncontiguous, acts of possession must be shown on each tract in order to acquire the property by acquisitive prescription. Lee v. Giauque, 97 So. 669 (La.1923), McCluskey v. Meraux and Nunez, 186 So. 117 (La.App.Orl.1939).
The six lots in dispute were located in Hammond Heights Subdivision and are shown on a plat which was duly recorded prior to the sale of the disputed property to the O’Neils. The plat shows named streets which completely bound Square N. A statutory dedication or substantial compliance with the statute, vests full ownership in the municipality, parish or state. A municipality, Tangipahoa Parish or the state would thus own the streets of Hammond Heights Subdivision if statutory dedication, or if substantial compliance with the statute were found. This issue was not determined by the trial court. However, the trial court found that plaintiff was in uninterrupted corporeal possession of the entire property for greater than thirty years. The record supports his finding that the six disputed lots were corporeally possessed by appellee. We will not disturb factual findings in the absence of manifest error. Arceneaux v. Dominque, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973). We find no manifest error herein. Accordingly, where the trial judge found actual corporeal possession of the disputed property the fact that it was noncontiguous did not affect appel-lee’s acquisition by possession.
The trial judge also found that plaintiff acquired ownership of the six lots by deed translative of title and by possessing the whole of the property in good faith for an uninterrupted period in excess of thirty years. We find that Mulkey acquired the lots by prescription of ten years. La.C.C. art. 3473.[2] The requisites of La. *262 C.C. art. 3475[3] are met. Plaintiff was in good faith; possessed the property under a deed translative of title; the six lots were susceptible of acquisition by prescription; and the six lots were corporeally possessed for ten years.
Appellant also alleges that plaintiff did not set forth sufficient evidence of corporeal possession to be found a possessor for purposes of instituting a possessory action. The trial judge found that plaintiff was in uninterrupted corporeal possession of the entire property for greater than thirty years. These findings of fact are not manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), Canter v. Koehring Co., 283 So.2d 716 (La.1973). Adverse claims and acts by appellants prior to the complained of disturbance of October 23, 1981, did not interrupt possession of plaintiff. He was thus entitled to bring a possessory action. Liner v. Louisiana Land and Exploration Company, 319 So.2d 766 (La.1975). The trial court properly determined that defendants had converted the possessory action into a petitory action.
Accordingly, for the foregoing reasons we affirm the judgment of the trial court. All costs are to be paid by appellant.
AFFIRMED.

. By proceeding in this manner a plaintiff in a possessory action converted to a petitory action is required to prove title by acquisitive prescription, and is not raising his possession as a defense to defendant's asserting title as with a peremptory exception of prescription. See Montgomery v. Breaux, 297 So.2d 185 (La.1974).

. La.C.C. art. 3473. Ownership and other real rights in immovables may be acquired by the prescription of ten years,

. La.C.C. art. 3475. The requisites for the acquisitive prescription of ten years are: possession of ten years, good faith, just title, and a thing susceptible of acquisition by prescription.