Jerrilyn Boyd-Hadley ("the client") sued Darlett Lucy-Dawson ("the attorney"), alleging that the attorney had failed to file a claim against the estate of the client's deceased ex-husband to collect approximately $175,000 in alimony in gross due the client pursuant to a 1995 divorce judgment. After a jury trial at which the attorney and the client were the only witnesses, the jury returned a verdict in favor of the client and awarded her $90,000; the trial court entered a judgment accordingly. The attorney filed a postjudgment motion for a judgment as a matter of law ("JML") and a motion for a new trial; in her post-judgment motion for a JML, the attorney asserted that the evidence was insufficient to support the jury's award of $90,000 in damages; that is, the attorney argued that the client had failed to establish that the client would have been able to recover from the estate of the client's deceased ex-husband because, the attorney contended, *Page 878 
the client had failed to prove the assets contained in the estate or the value of the estate. After considering the attorney's postjudgment motions, the trial court granted the attorney's postjudgment motion for a JML in part and entered an order reducing the jury's award to $25,000, the amount of the retainer paid by the client to the attorney. The attorney appealed the judgment, and the client cross-appealed the partial grant of the attorney's postjudgment motion for a JML.
The attorney argues that the evidence presented at trial failed to establish that the client would have succeeded in prosecuting and winning her claim against the estate of the client's deceased ex-husband. She states that the evidence did not establish the assets contained in the estate or the value of the estate. In addition, the attorney argues on appeal that the trial court erred by reducing the $90,000 damages award to $25, 000, rather than to a lesser amount. The client cross-appealed the partial grant of the attorney's motion for a JML, arguing that there was sufficient evidence to support the jury's $90,000 verdict.
 "This court reviews the trial court's action [on a motion for JML] using the same standard used by the trial court in initially granting or denying the motion for a JML. Palm Harbor Homes, Inc. v. Crawford, 689 So.2d 3 (Ala. 1997). Regarding questions of fact, the issue is whether the nonmovant presented sufficient evidence to allow the case or the issue to be submitted to the jury for a factual resolution. Carter v. Henderson, 598 So.2d 1350 (Ala. 1992). The nonmovant must present `substantial evidence' in order to withstand a motion for a JML. See § 12-21-12, Ala. Code 1975; West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). In reviewing a ruling on a motion for a JML, this court views the evidence in the light most favorable to the nonmovant and entertains such reasonable inferences as the jury would have been free to draw. Motion Indus., Inc. v. Pate, 678 So.2d 724 (Ala. 1996)."
City of Mobile v. Taylor, 938 So.2d 407, 409
(Ala.Civ.App. 2005).
The trial court partially granted the attorney's motion for a JML on the basis that the client had "failed to prove that there were funds in the estate to pay her claim or any part thereof," and it based the amount of the damages that it awarded on the $25,000 retainer fee paid by the client to the attorney. However, the evidence at trial concerning the assets owned by the client's ex-husband upon his death was disputed. The attorney herself had prepared a memorandum to the client indicating that the client's ex-husband had died owning several pieces of real estate that were worth an amount that would have been more than sufficient to satisfy the client's alimony-in-gross claim for $175,000. Although the attorney testified that, upon further investigation, she had discovered that the client's ex-husband had transferred those properties and that therefore they were not in the estate of the client's ex-husband, the jury could have disbelieved the attorney's testimony in light of her earlier memorandum to the client. In addition, the attorney's testimony as to what assets the client's ex-husband might have transferred before his death contained ambiguities that the jury could have resolved in favor of findings that the client's ex-husband owned some real estate and other assets at the time of his death and that the value of those assets was at least $90,000, the amount of the jury's damages award. Further, the client testified that for several years before her ex-husband's death, and through the month of her ex-husband's death, he had *Page 879 
paid her periodic alimony of $3,000 per month; she said that he had paid her alimony-in-gross of $25,000 per year until 1999. The client also testified that the estate of her deceased ex-husband made approximately $40,000 in payments for the education of one of the client and her deceased ex-husband's children. Although the foregoing testimony in favor of the client was disputed, viewing the evidence in the light most favorable to the client, and entertaining such reasonable inferences as the jury would have been free to draw from the evidence, we conclude that the evidence at trial was sufficient to support the jury's damages award to the client.
In light of the foregoing, a discussion of the issues raised by the attorney is unnecessary. We direct the trial court to reinstate the original jury verdict in the amount of $90,000.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the judges concur.