GASKINS, J.
 

 hThe plaintiff, Elizabeth Leigh Clement Brown, appeals from a trial court ruling that granted summary judgment and dismissed her petition for interdiction of her father, George R. Clement. Mr. Clement and his wife, who intervened in the interdiction proceedings, answered the appeal, claiming that Ms. Brown had filed a frivolous appeal. For the reasons set forth below, we affirm the trial court judgment dismissing the interdiction proceedings. We also deny the request for frivolous appeal damages.
 

 FACTS
 

 Based upon the pleadings, we glean the following facts. Mr. Clement is an elderly gentleman who is at least 84 years old and lives in Choudrant, Louisiana; over the last few years, he has experienced serious health issues. He is currently married to Mary McCoy Clement. He has six adult children, including Ms. Brown, who is an attorney. It does not appear that Mrs. Clement is the mother of any of Mr. Clement’s children.
 

 On September 8, 2009, Ms. Brown filed a petition seeking a full interdiction of her father. She requested that she be named
 
 *806
 
 as curatrix and that one of her sisters, Barbara Clement Landes, be designated as undercuratrix. In an affidavit attached to the petition, Ms. Brown asserted that she was recently advised that her father suffers from Lewy body dementia, a progressive non-curable disease with an average life expectancy of five to seven years. She stated that Mrs. Clement told her that she intended to place Mr. Clement in the Louisiana War Veterans Home in Jackson, Louisiana. However, Ms. Brown and two of her brothers live in Ouachita Parish; therefore, she prefers to place Mr. Clement in a facility in |2West Monroe where she claims he would receive better care for his dementia.
 

 As requested by Ms. Brown, the trial court granted a judgment of temporary full interdiction and appointed her and her sister, respectively, as curatrix and under-curatrix. An attorney was appointed to represent Mr. Clement and a preliminary interdiction hearing was set for September 15, 2009. The judgment provided that the temporary interdiction would terminate on that date. By agreement, the parties subsequently moved the hearing to September 24, 2009, agreeing to maintain the judgment of temporary interdiction until then.
 

 On October 26, 2009, Mrs. Clement filed a petition of intervention. She asserted that as her husband’s primary caregiver, she believed that he was consistently able to make and communicate his own reasoned decisions as to his care and property. Alternatively, if the trial court deemed that interdiction was appropriate, she requested that she be appointed curatrix pursuant to the provisions of La. C.C.P. art. 4561(C)(1).
 

 On the same date, Mr. Clement filed an answer in which he adopted the allegations of his wife’s petition of intervention. He likewise requested that, should interdiction be ordered, his wife be named as curatrix but that none of his children be appointed as undercurator. He also filed a motion for summary judgment, requesting that the petition for interdiction be dismissed as it was not supported by medical or other competent evidence sufficient to carry the plaintiffs clear and convincing burden of proof that lathe defendant was unable to consistently make and communicate decisions as to the care of his person and property.
 

 In support of his motion for summary judgment, Mr. Clement submitted affidavits from himself, Mrs. Clement, and Dr. Robert V. Blanche, who is board-certified in psychiatry and neurology. Dr. Blanche stated that he treated Mr. Clement while he was hospitalized in the geriatric psychiatric unit of Baton Rouge General Hospital from September 3 to 26, 2009. When first admitted, Mr. Clement appeared to be very depressed and confused, suffering symptoms of Parkinson’s disease and experiencing visual hallucinations. Several months before, another doctor had diagnosed Mr. Clement with major depression with psychotic features, post-traumatic stress disorder, and possible early dementia. However, Dr. Blanche concluded that Mr. Clement was suffering from Lewy body dementia and adjusted his medications. After about 10 days, Mr. Clement improved considerably in all areas — his cognitive function improved, his depression lessened, and his Parkinson’s symptoms largely resolved.
 

 In his affidavit, Dr. Blanche noted that after the interdiction proceedings were initiated, Mr. Clement was adamantly opposed to any of his children having control over his person or his property. The doctor also observed that Mrs. Clement was a competent caregiver who was “clearly devoted to her husband.” He opined that as long as Mrs. Clement was willing to seek some outside assistance, her husband
 
 *807
 
 would be able to continue living at home with her. Dr. Blanche further opined that at the time of his discharge from the hospital, Mr. Clement was able, on a | .(Consistent basis, to make sound and reasonable decisions about the care of his body and his estate.
 

 In their affidavits, Mr. and Mrs. Clement stated that he is able to make and communicate his own reasoned decisions about care of his person and property and that she is his primary caregiver. Both stated that he did not wish to be interdicted and that if he is interdicted, he did not wish any of his children to assume any control over his person or property. Additionally, both stated that none of his children have been involved in his life for “many years” and that they all refused to attend his 80th birthday party despite being invited.
 

 Also submitted in support of Mr. Clement’s motion for summary judgment was an affidavit from attorney Carlton Jones, III. He stated that on September 15, 2009, Mr. Clement executed a general durable power of attorney and a health care power of attorney in favor of Mrs. Clement. Mr. Jones stated that he spent two hours with Mr. Clement prior to the signing of the documents and that he had no question whatsoever that Mr. Clement possessed the capacity to execute them.
 

 On October 27, 2009, Ms. Brown filed an amended and supplemental petition for interdiction. Among other things, she requested that Dr. Aruna Gullapalli be appointed to conduct an independent examination of Mr. Clement, noting that she had previously treated him.
 

 In opposition to the motion for summary judgment, Ms. Brown filed affidavits from two of her sisters and a brother-in-law. Rebecca Clement stated that Mrs. Clement told her on September 7, 2009, as to Mr. Clement’s |scondition and placement, that “if he doesn’t know you, it doesn’t matter where he is.” Barbara Clement Landes stated that on September 1, 2009, Mrs. Clement told her that she was trying to get a power of attorney from Mr. Clement but would have to “catch him on a good day.” She further stated that on September 2, 2009, Mrs. Clement told her that she was going to place Mr. Clement in the war veterans home because it was less expensive than a nursing home. In his affidavit, Jim Landes, Mrs. Landes’ husband, stated that in July 2009, Mr. Clement was “adamantly resistant” to Mrs. Clement acting on his behalf due to his medical condition. He also stated that on October 12, 2009, Mr. Clement said he did not understand his medical condition.
 

 Ms. Brown also filed a certified copy of a “petition to rescind contract” filed by Mrs. Clement in May 2009 in a lawsuit in which she sought to rescind Mr. Clement’s purchase of a membership in a hunting club. In the petition, Mrs. Clement asserted that her husband was “an Alzheimer’s patient, bereft of his reason, and without legal capacity to contract.”
 

 Dr. Gullapalli, a board-certified psychiatrist who had previously treated Mr. Clement, executed an affidavit in which she stated that she had seen him on November 2, 2009. She attested that she first saw him in November 2008, at which time he was admitted to a hospital with confusion, hallucinations and depression. He was diagnosed with dementia with depression at that time. He made significant improvement during his hospitalization; his confusion and hallucinations cleared. When Dr. | fiGuIlapalli saw him on an outpatient basis on January 7, 2009, he was significantly better. She noted that he subsequently had two hospital admissions. When she saw him for a follow-up appointment on November 2, 2009, he was “much better” and oriented. His hallucinations and para
 
 *808
 
 noia had resolved, and his cognition, attention and concentration were all better. She stated that she discussed the interdiction matter with him and that he did not want any of his children controlling his financial or medical decisions. Dr. Gulla-palli opined that Mr. Clement was competent to make his own decision on those matters.
 

 A hearing was held on November 12, 2009. Based upon the affidavits from the two doctors stating that Mr. Clement was able to take care of his own affairs, the trial court granted the defendant’s motion for summary judgment, dismissing the matter with prejudice. Costs were assessed against the plaintiff. Judgment was signed on November 19, 2009.
 

 Ms. Brown appealed the trial court judgment.
 
 [1]
 
 Mr. and Mrs. Clement filed an answer to the appeal, contending that the plaintiff was pursuing a frivolous appeal. They cited numerous deficiencies in the interdiction proceedings, including her failure to provide any medical evidence to support her claims that Mr. Clement needed to be interdicted and her abandonment of the motion for new trial. They requested damages and attorney fees.
 

 ^DISMISSAL OF INTERDICTION
 

 Summary Judgment
 

 Appellate review of the granting of a motion for summary judgment is
 
 de novo,
 
 using the identical criteria that govern the trial court’s consideration of whether summary judgment is appropriate.
 
 King v. Illinois National Insurance Company,
 
 2008-1491 (La.4/3/09), 9 So.3d 780. A motion for summary judgment is a procedural device used when there is no genuine issue of material fact.
 
 King v. Illinois National Insurance Company, supra.
 
 The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action allowed by law. La. C.C.P. art. 966(A)(2). A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
 

 On the motion for summary judgment, the burden of proof is on the mover. La. C.C.P. art. 966. However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, then the mover may merely point out to the court the absence of factual support for one or more elements essential to plaintiffs claim. The burden then shifts to the plaintiff to present evidence demonstrating that genuine issues of material facts remain. La. C.C.P. art. 966(C)(2);
 
 Fletcher v. Wendelta, Inc.,
 
 43,866 (La.App.2d Cir.1/14/09), 999 So.2d 1223,
 
 writ denied,
 
 2009-0387 (La.4/13/09), 5 So.3d 164. If the | «plaintiff fails to meet this burden, there is no genuine issue of material fact and the mover is entitled to summary judgment. La. C.C.P. art. 966(C)(2);
 
 Fletcher, supra.
 

 Interdiction
 

 The rules governing interdiction are found in La. C.C. arts. 389
 
 et seq.,
 
 and La. C.C.P. arts. 4541
 
 et seq.
 
 A court may
 
 *809
 
 order the full interdiction of a natural person of the age of majority, or an emancipated minor, who due to an infirmity, is unable consistently to make reasoned decisions regarding the care of his person and property, or to communicate those decisions, and whose interests cannot be protected by less restrictive means. La. C.C. art. 389. The petitioner in an interdiction proceeding bears the burden of proof by clear and convincing evidence. La. C.C.P. art. 4548.
 

 Discussion
 

 In his motion for summary judgment, Mr. Clement sought dismissal of his daughter’s petition to interdict him. In support of his motion, among other evidence, he submitted the affidavits of two board-certified psychiatrists who opined that he was able to consistently make reasoned decisions regarding the care of his person and property. At this point, Mr. Clement had shown a lack of factual support for the interdiction and demonstrated that Ms. Brown would be unable to satisfy her evidentiary burden of proof at trial. Pursuant to the interdiction law of this state, she was obliged to prove by clear and convincing evidence that Mr. Clement was unable to care for his person or property. Nothing in the affidavits submitted by Ms. Brown contradicted the medical evidence given by Dr. [9Blanche and Dr. Gullapalli, both of whom unequivocally stated that, based upon their recent examinations of Mr. Clement, he did not require interdiction. In particular, Dr. Blanche described how most of Mr. Clement’s symptoms were resolved by the administration of the proper medications after his condition was reevaluated.
 
 [2]
 

 Like the trial court, we are compelled to conclude that summary judgment is appropriate in the instant case. Accordingly, we affirm the granting of summary judgment in favor of Mr. Clement and the dismissal of Ms. Brown’s interdiction petition -with prejudice.
 

 FRIVOLOUS APPEAL
 

 La. C.C.P. art. 2164 specifies that the appellate court may award damages for a frivolous appeal. This provision is penal in nature and is to be strictly construed.
 
 Pratt v. Louisiana State Medical Center in Shreveport,
 
 41,971 (La. App.2d Cir.2/28/07), 958 So.2d 876. An appeal will not be deemed frivolous unless it is taken solely for delay, fails to raise a serious legal question, or counsel does not seriously believe in the proposition of law he is advancing. Appeals are favored and appellate courts are reluctant to impose damages for frivolous appeals. On those rare occasions when such damages are awarded, the amounts are modest and may consist of an amount representing a reasonable attorney fee award for answering and defending the appeal.
 
 Pratt v. Louisiana State Medical Center in Shreveport, supra.
 

 | mThe record does not show that this appeal was taken solely for delay or that the plaintiff did not seriously believe in her position. Damages for frivolous appeal are not warranted.
 

 CONCLUSION
 

 We affirm the trial court ruling which granted summary judgment in favor of the defendant/appellee, George R. Clement, and dismissed the petition seeking to interdict him. We further deny the request for frivolous appeal damages set forth in the answer to the appeal. Costs of this appeal
 
 *810
 
 are assessed against the plaintiff/appellant, Elizabeth Leigh Clement Brown.
 

 AFFIRMED.
 

 [1]
 

 . On November 25, 2009, Ms. Brown filed a motion for new trial. However, she filed a motion for appeal on December 2, 2009, before the motion for new trial could be resolved. When the case lodged at this court, we ordered the parties to show cause whether the appeal was premature due to the lack of disposition of the motion for new trial. In her response, Ms. Brown conceded that the filing of her motion for appeal served as a waiver and/or abandonment of the motion for new trial. Accordingly, this court deemed the motion for new trial waived and allowed the appeal to proceed.
 

 [2]
 

 . We note that most of the incidents mentioned in the affidavits submitted by Ms. Brown in opposition to the motion for summary judgment occurred before Mr. Clement's condition drastically improved following his hospitalization under Dr. Blanche’s care.