## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-6


INTERDICTION OF THEODULE
PIERRE NOEL, SR.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 93963-J
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE

**********

## OSWALD A. DECUIR
## JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and J. David Painter, Judges.

**AFFIRMED.**


**R. Chadwick Edwards, Jr.**
**Edwards & Bellaire, L.L.C.**
**P. O. Box 217**
**Abbeville, LA 70511-0217**
**(337) 893-2884**
**COUNSEL FOR APPELLEE:**
    **Theodule Pierre Noel, Sr.**

**Thomas J. Gayle**
**Gayle Law Firm, LLC**
**713 Kirby Street**
**Lake Charles, LA 70601**
**(337) 494-1220**
**COUNSEL FOR APPELLANTS:**
    **Theodule P. Noel, Jr.**
    **Christine Noel Devenport**
    **Catherine A. Noel**

**DECUIR, Judge.**

Siblings Theodule P. Noel, Jr., Christine Noel Devenport, and Catherine A. Noel filed a petition seeking the full interdiction of their father, 83-year-old Theodule P. Noel, Sr. (Mr. Noel). Summary judgment was rendered in favor of Mr. Noel, and his children have appealed the dismissal of their claim. Mr. Noel answered the appeal, seeking attorney fees and sanctions. For the following reasons, we affirm.

Mr. Noel and his wife, Joyce, had four children: the three petitioners and another son, Samuel Noel. The petitioners originally sought the interdiction of their mother, as well as their father, but their mother died during the pendency of these proceedings. According to the facts alleged in the record, Mr. Noel had open heart surgery several years ago, and, during the course of a difficult recovery, he suffered a stroke in 2002. After extensive therapy and hospitalizations, he recovered and was once again able to conduct his farming operations, drive a car, socialize with friends, and the like. Mrs. Noel then suffered a stroke in 2005. She did not recover as well and required full-time assistance until her death in 2012.

At the time of their mother's stroke, all four Noel children were involved in their parents' lives. Three live in Abbeville near their parents and one lives in Houston. In 2005, all four of the children were designated as agents, to make unanimous decisions, in a medical power of attorney granted by Mr. Noel. There is no indication of family tension preceding the decline of Mrs. Noel's health in 2005. From that time forward, however, the petitioners allege that Mr. Noel began to act differently towards them. Mr. Noel began to rely on Samuel to the exclusion of the other siblings. He showed some personality changes. He granted an exclusive general power of attorney to Samuel. He decided to

sell some of his properties to a friend and to Samuel. He acquiesced in Mrs. Noel's sale of her separate property to Samuel and his wife. The essence of the petitioners' claim is stated in the following sentence from the petition: "If the savings and resources of [Mr. Noel] have been diminished so that the sale of property is necessary, it has to be the result of mismanagement and incapacity, psychological manipulation and financial exploitation."

Mr. Noel answered the petition and moved for summary judgment. In support thereof, he filed eight affidavits from friends and physicians, all of whom attested to his mental capacity and lack of dementia. Mr. Noel asserts that he simply changed his mind in recent years as to how he wanted to dispose of his property, and three of his children disagree with those decisions. He also has become "disappointed, frustrated, and angry" with those three children. Mr. Noel contends summary judgment is appropriate at this early stage in the proceedings because the petitioners will not be able to meet their four-fold burden of proof for a successful interdiction proceeding: infirmity, inability to care for one's person, inability to care for one's property, and necessity. La.Civ.Code art. 389. He seeks attorney fees under La.Code Civ.P. art. 4550, which may be awarded "as the court may consider fair."

The petitioners asked for a continuance of the summary judgment hearing in order to conduct discovery. The motion was denied.

The petitioners' cause of action is based on the following Civil Code provision:

Art. 389. Full interdiction

    A court may order the full interdiction of a natural person of the age of majority, or an emancipated minor, who due to an infirmity, is unable consistently to make reasoned decisions regarding the care of his person and property, or to communicate

those decisions, and whose interests cannot be protected by less restrictive means.

Article 4548 of the Louisiana Code of Civil Procedure states that "[t]he petitioner in an interdiction proceeding bears the burden of proof by clear and convincing evidence." In the procedurally similar case of *In re Clement*, 45,454 (La.App. 2 Cir. 8/11/10), 46 So.3d 804, 808-809, the second circuit reiterated Louisiana's well-established summary judgment rules and reached the conclusion that the interdiction sought was not factually supported; therefore, the petitioner would not be able to meet her "clear and convincing" burden of proof at trial, and summary judgment was appropriate:

> Appellate review of the granting of a motion for summary judgment is *de novo*, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate. *King v. Illinois National Insurance Company*, 2008-1491 (La.4/3/09), 9 So.3d 780. A motion for summary judgment is a procedural device used when there is no genuine issue of material fact. *King v. Illinois National Insurance Company, supra*. The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action allowed by law. La. C.C.P. art. 966(A)(2). A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).

> On the motion for summary judgment, the burden of proof is on the mover. La. C.C.P. art. 966. However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, then the mover may merely point out to the court the absence of factual support for one or more elements essential to plaintiff's claim. The burden then shifts to the plaintiff to present evidence demonstrating that genuine issues of material facts remain. La. C.C.P. art. 966(C)(2); *Fletcher v. Wendelta, Inc.*, 43,866 (La.App.2d Cir.1/14/09), 999 So.2d 1223, *writ denied*, 2009-0387 (La.4/13/09), 5 So.3d 164. If the plaintiff fails to meet this burden, there is no genuine issue of material fact and the mover is entitled to summary judgment. La. C.C.P. art. 966(C)(2); *Fletcher, supra*.

> . . . .

3

In his motion for summary judgment, Mr. Clement sought dismissal of his daughter's petition to interdict him. In support of his motion, among other evidence, he submitted the affidavits of two board-certified psychiatrists who opined that he was able to consistently make reasoned decisions regarding the care of his person and property. At this point, Mr. Clement had shown a lack of factual support for the interdiction and demonstrated that Ms. Brown would be unable to satisfy her evidentiary burden of proof at trial. Pursuant to the interdiction law of this state, she was obliged to prove by clear and convincing evidence that Mr. Clement was unable to care for his person or property. Nothing in the affidavits submitted by Ms. Brown contradicted the medical evidence given by Dr. Blanche and Dr. Gullapalli, both of whom unequivocally stated that, based upon their recent examinations of Mr. Clement, he did not require interdiction. In particular, Dr. Blanche described how most of Mr. Clement's symptoms were resolved by the administration of the proper medications after his condition was reevaluated.

Like the trial court, we are compelled to conclude that summary judgment is appropriate in the instant case. Accordingly, we affirm the granting of summary judgment in favor of Mr. Clement and the dismissal of Ms. Brown's interdiction petition with prejudice. [Footnotes omitted.]

In deciding the motion for summary judgment in the instant case, the trial court noted the petitioners' concerns and recognized that Mr. Noel's actions raised red flags. Nevertheless, the court found no "concrete facts" to support the interdiction and was "very influenced by the affidavits from the treating physicians." The court suggested the petitioners have other legal remedies to address the allegations raised herein.

We find no error in the conclusions reached by the trial court. The petitioners have other options through which they can reopen the lines of communication with their father and brother. Without the need for formal discovery, the petitioners have access to the public records and to neighbors and friends who may be able to shed some light on the activities of their father. Under La.Code Civ.P. art. 4545, the petitioners could have sought the appointment of an examiner, but they chose not to do so. Upon *de novo* review,

4

we find the petitioners have not put forth evidence sufficient to demonstrate the existence of a genuine issue of material fact as to whether the restrictions inherent in a full interdiction are necessary. They have made allegations but have presented no evidence of Mr. Noel's infirmity or inability to care for himself or his property.

The petitioners contend in this appeal that had the trial court granted a continuance for purposes of discovery, they could have produced evidence sufficient to defeat summary judgment. The trial court disagreed, pointing the petitioners toward "other legal remedies." We find no abuse of discretion in the denial of a continuance. The petitioners have not shown "good cause" for a continuance as articulated in La.Code Civ.P. art. 966(B).

However, the trial court did find that the petitioners had genuine concerns regarding the apparent self-dealing and "unusual things" going on. Therefore, Mr. Noel's request for costs and attorney fees was denied. We find no manifest error in this conclusion.

Accordingly, the judgment appealed from is affirmed.

**AFFIRMED.**