GASKINS, J.
11 This appeal arises from a dispute over approximately five acres of land in Caddo Parish. The defendant, Chad Perkins, appeals a trial court ruling that granted a motion for summary judgment in favor of the plaintiff, Rodessa Oil and Land Company (“ROLCO”). Perkins argues that his documents establish an issue of material fact concerning the ownership of the disputed land sufficient to defeat summary judgment in ROLCO’s petitory action. We reverse the granting of summary judgment and remand the matter to the trial court for further proceedings.
FACTS
At dispute are 4.69 acres of land in Rodessa, Louisiana. Perkins claims that it is part of his property. The west boundary of Perkins’ property is Pitts Road, and the south boundary is Tyson Road. On the north and east sides is a barbed wire fence. The disputed land lies south and west of the fence. ROLCO owns the land north and east of Perkins’ property.
In May 2008, ROLCO filed a petition to fix the boundary between the parties, asserting that Perkins maintained a fence on ROLCO’s land and refused to remove it. In his answer to ROLCO’s boundary action, Perkins asserted that the fence has been in place and maintained in the same location for in excess of 30 years. He claims that the fence was located on the boundary line between the properties. Perkins then reconvened with his own pos-sessory action, alleging that he and his ancestors in title had physically, openly, corporeally, and notoriously exercised continuous possession of the property, within the boundary lines marked by the fence, for more than 30 years.
|2In October 2009, ROLCO filed a first amended petition acknowledging the pos *54 session of the disputed property by Perkins, but alleging ownership of the tracts, thus asserting a petitory action. Perkins answered with a general denial to all allegations.
In January 2011, Perkins filed answers to interrogatories. In response to Interrogatory No. 4, which essentially asked if he claimed ownership to land outside his property description, he responded:
Chad Perkins claims ownership of any and all immovable property located in the Southeast Quarter Section 23, Township 23, Range 16, Caddo Parish, as is shown depicted on the survey plat attached hereto. Said [claim] extends to all immovable property bounded by Pitts Road on the West, Tyson Road on the South and by the [barbed] wire fence on the North and East by the barbed wire fence as depicted on said survey tract.
[[Image here]]
B.) Said tract was acquired by both Cash Sale Deed ... and by acts of acquisitive prescription of Chad Ray Perkins and his ancestors in title;
C.) Chad Ray Perkins began open and notorious, corporeal possession of said tract on or about May 15, 2000. Ancestors in title to Chad Ray Perkins have openly, notoriously and corporeally possessed said tract in excess of fifty years as evidenced by the barbed wire fence as shown on said survey plat;
D.) ... Please be advised that Chad Perkins claims ownership of the disputed tract pursuant to possession in excess of thirty years.
In his other answers to interrogatories, Perkins also listed potential witnesses who have knowledge that the fence has existed as far back as 1942. In response to two other interrogatories, Perkins stated that “[s]aid fence has existed in its current location for in excess of at least fifty years.” Perkins noted that the exact dates and duration of the prior possessors’ acts of possession are unknown but they began at the end of World War II and continued until he purchased the property in 2000.
l3In March 2011, ROLCO filed a motion for summary judgment seeking recognition of its ownership of the disputed land. ROLCO alleged that it had record title “good against the world” in the form of an unbroken chain of record title from the United States, which would defeat Perkins’ claims. ROLCO further maintained that Perkins had not asserted ownership of the disputed land. ROLCO attached all documents establishing the unbroken chain of title to its motion for summary judgment. Also attached were affidavits from Mark Caldwell, the surveyor who prepared ROLCO’s survey, and Don Hartsell, a ROLCO employee who lived near Rodessa; they both attested to the correctness of the survey.
In his opposition to the motion for summary judgment, Perkins stated that he had asserted a possessory action, claiming possession to all tracts of land bound by his barbed wire fence. Citing his answer to ROLCO’s first amending petition and his answers to interrogatories, he argued that he clearly opposed ROLCO’s petitory action and that there were genuine issues of material fact as to possession and ownership of the disputed land which rendered summary judgment in favor of ROLCO improper.
Among his attachments to his opposition were three affidavits asserting that the barbed wire fence has been in place for more than 40 years and that Perkins and his ancestors in title had openly and notoriously possessed and owned the tract bounded by the fence in excess of 40 years. The tract was described as being bounded by the fence on the north and east sides, Pitts Road on the west side, and Tyson *55 Road on the south side. These affiants attested their personal familiarity with the property.
|/The matter was argued on July 18, 2011, and taken under advisement. On September 6, 2011, the trial court issued written reasons for judgment. The trial court granted the plaintiffs motion for summary judgment, stating that “the plaintiff in a petitory action must show that he acquired ownership from a previous owner and that he has better title than the defendant.” The trial court concluded that ROLCO established this ownership by showing an unbroken chain of title to the land from the United States. ROLCO’s unbroken chain of title, the court found, constitutes record title “good against the world.” Finally, the trial court found that there was no issue of material fact because Perkins did not assert an ownership interest in the disputed land. While ROLCO admitted that Perkins was in possession of the land, the court found that ROLCO showed valid and better title to the land.
Judgment in conformity with the court’s written reasons was signed on October 20, 2011. The court further ordered that, within 30 days of the finality of judgment, Perkins was to remove the barbed wire fences at his cost. Court costs were assessed against Perkins.
Perkins appealed.
LAW

Summary Judgment

Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Palmer v. Martinez, 45,318 (La.App.2d Cir.7/21/10), 42 So.3d 1147, writs denied, 2010-1952, 2010-1953, 2010-1955 L(La. 11/5/10), 50 So.3d 804, 805. A motion for summary judgment is a procedural device used when there is no genuine issue of material fact. In re Clement, 45,454 (La.App.2d Cir.8/11/10), 46 So.3d 804. The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action allowed by law. La. C.C.P. art. 966(A)(2). A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Palmer v. Martinez, supra.
A material fact is one that potentially insures or precludes recovery, affects a party’s ultimate success, or determines the outcome of the dispute. A genuine issue is one about which reasonable persons could disagree. If only one conclusion could be reached by reasonable persons, then there is no triable issue and summary judgment is proper. Hines v. Garrett, 2004-0806 (La.6/25/04), 876 So.2d 764.
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matter stated therein. La. C.C.P. art. 967. Personal knowledge means something which a witness actually saw or heard, as distinguished from something a witness learned from some other person or source. THH Properties Limited Partnership v. Hill, 41,038 (La.App.2d Cir.6/2/06), 930 So.2d 1214.
Is Possession and Ownership of Land
The possessory action is one brought by the possessor of immovable property or of a real right therein to be maintained in his possession of the property or enjoyment of *56 the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted. La. C.C.P. art. 3655.
La. C.C.P. art. 3661, which concerns evidence in a possessory action, states:
In the possessory action, the ownership or title of the parties to the immovable property or real right therein is not at issue.
No evidence of ownership or title to the immovable property or real right therein shall be admitted except to prove:
(1) The possession thereof by a party as owner;
(2) The extent of the possession thereof by a party; or
(3) The length of time in which a party and his ancestors in title have had possession thereof.
To acquire possession, one must intend to possess as owner and must take corporeal possession of the thing. La. C.C. art. 3424. One is presumed to intend to possess as owner unless he began to possess in the name of and for another. La. C.C. art. 3427.
The petitory action is one brought by a person who claims the ownership, but who is not in possession, of immovable property or of a real right therein, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiffs ownership. La. C.C.P. art. 3651; Secret Cove, L.L.C. v. Thomas, 2002-2498 17(La.App.lst Cir.11/7/03), 862 So.2d 1010, writ denied, 2004-0447 (La.4/2/04), 869 So.2d 889.
The first issue to be determined in a petitory action is the question of current possession. A defendant’s possession, or lack thereof, determines the burden of proof imposed on the plaintiff. See La. C.C.P. art. 3651, Official Revision Comments (a). If the court finds the defendant is in possession of the property, the plaintiff in the petitory action seeking a judgment recognizing his ownership of immovable property must prove he acquired ownership from a previous owner, or that he acquired ownership by acquisitive prescription. If the court finds the defendant is not in possession of the property, the plaintiff seeking a judgment recognizing his ownership of immovable property must prove a better title than the defendant. La. C.C. art. 531; La. C.C.P. art. 3653; Blaise v. Smith, 2001-1512 (La.App.3d Cir.3/6/02), 809 So.2d 1253.
La. C.C.P. art. 3657 addresses the interaction between petitory and possessory actions. It provides:
The plaintiff may not cumulate the peti-tory and the possessory actions in the same suit or plead them in the alternative, and when he does so he waives the possessory action. If the plaintiff brings the possessory action, and without dismissing it and prior to judgment therein institutes the petitory action, the posses-sory action is abated.
When, except as provided in Article 3661(l)-(3), the defendant in a possesso-ry action asserts title in himself, in the alternative or otherwise, he thereby converts the suit into a petitory action, and judicially confesses the possession of the plaintiff in the possessory action.
If, before executory judgment in a pos-sessory action, the defendant therein institutes a petitory action in a separate suit against the plaintiff in the possesso-ry action, the plaintiff in the petitory action judicially confesses the possession of the defendant therein.
IgOwnership and other real rights in immovables may be acquired by the prescription of 30 years without the need of just title or possession in good faith. La. C.C. art. 3486. Ownership of immov *57 able property under record title may be eclipsed and superseded by ownership acquired under prescriptive title. Under the general codal provisions on acquisitive prescription, a possessor lacking good faith and/or just title may acquire prescriptive title to land by corporeally possessing a tract for 30 years with the intent to possess as owner. Such possession confers prescriptive title upon the possessor only when it is continuous, uninterrupted, peaceable, public, and unequivocal, and confers title only to such immovable property as is actually corporeally possessed. Secret Cove, L.L.C. v. Thomas, supra.
A title holder may acquire more land than his title calls for by possessing property beyond his title for 30 years without interruption and within visible bounds. Such a title holder may attain the 30-year possessory period by “tacking” on the possession of his ancestor in title. La. C.C. arts. 794, 3442; Fallin v. Pesnell, 27,814 (La.App.2d Cir.1/24/96), 667 So.2d 581. For a detailed discussion of tacking, see Marks v. Zimmerman Farms, LLC, 44,-279 (La.App.2d Cir.5/20/09), 13 So.3d 768.
Prescription must be pleaded. Courts may not supply a plea of prescription. La. C.C. art. 3452.
Whether the disputed property has been possessed for 30 years without interruption is a factual issue and will not be disturbed on appeal unless there is a showing of abuse of discretion or manifest error. Garner v. Holley, 42,477 (La.App.2d Cir.10/3/07), 968 So.2d 234.
LLa/ C.C.P. art. 854 provides, in pertinent part, that no technical forms of pleading are required.
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. La. C.C.P. art. 2164.
DISCUSSION
Perkins contends that the trial court erred in granting ROLCO’s motion for summary judgment.
In this matter, ROLCO originally filed a boundary action under La. C.C.P. art. 3691. Perkins then asserted a possessory action under La. C.C.P. art. 3655. ROL-CO converted that matter to a petitory action under La. C.C.P. art. 3651, admitting the possession by Perkins of the disputed property and putting ownership of the land at issue. ROLCO filed a motion for summary judgment claiming that it had title good against the world and that Perkins never asserted ownership of the disputed land.
According to ROLCO, because Perkins never prayed for recognition of his ownership in his pleadings, his possessory action cannot be construed as a petitory action wherein he asserts ownership. ROLCO claims that discovery responses and memos do not qualify as pleadings. ROLCO points out that at the hearing on the motion for summary judgment, Perkins specifically asserted that he was not claiming ownership.
ROLCO maintains that the affidavits and answers to interrogatories were not sufficient to allege ownership and points out that the discovery responses were un-sworn. ROLCO claims that there is no showing that the 11flaffiants were in a position to know the history of possession in excess of 30 years and did not assert that Perkins or his ancestors in title possessed the disputed land as owners sufficient to meet the requirements of 30 years’ acquisitive prescription.
In Freeman v. Turner, 373 So.2d 732 (La.App. 2d Cir.1979), writ denied, 376 So.2d 320 (La.1979), the plaintiff and defendant both claimed ownership of property under deeds from a common ancestor in *58 a “petitory-type action.” The plaintiff had the earlier deed, but at the time it was executed, the common ancestor did not have record title to the property. The defendant maintained civil possession of the property. The trial court recognized the defendant’s title to the property and found him to be the owner. The plaintiff appealed, arguing that the trial court should not have considered the defendant’s title because the defendant did not pray to be recognized as owner. This court noted that the defendant’s title did not depend solely on prescription, because he also had a title from the common ancestor. The court found that the defendant pleaded his assertion of title and acquisitive prescription. Fair and timely notice of what the defendant was asserting was factually pleaded and was given to the plaintiff in defendant’s answer. We found that a “prayer” by the defendant that his title be recognized was not necessary, in view of the pleadings by the plaintiff and defendant.
In Mulkey v. Stoney-Point Missionary Baptist Church, 462 So.2d 257 (La.App. 1st Cir.1984), the plaintiff acquired a tract of land in 1946. The Inland was fenced and the plaintiff grazed cattle on the property even prior to his acquisition. He paid the property taxes beginning in 1946 and maintained the fences until he became ill in 1981. Thereafter, someone checked the fences on the plaintiffs behalf several times per week. In October 1981, it was discovered that a portion of the fence had been taken down. Also in October 1981, third-party defendants sold the property to the defendant. The plaintiff filed a possessory action against the defendant, claiming that he was disturbed in his possession of the property when the defendant recorded an act of sale. The defendant filed an answer, reconventional demand, and third-party demand denying the plaintiffs possession, setting up its title to the property and calling its vendors in warranty.
The trial court found that the plaintiff acquired the property under a deed trans-lative of title, was not aware of any prior sale, went into immediate possession of the entire tract, and his possession remained undisturbed until 1981. The court held that the plaintiff had acquired the property by prescription and was entitled to be recognized as owner.
The court found that the defendant was entitled to a rescission of the sale. The third-party defendants who sold the property to the defendant appealed the judgment, arguing that the trial court erred in considering a plea of acquisitive prescription because the defense to a petitory action was never raised on behalf of the plaintiff. The appellate court rejected that argument finding that, while the plaintiff originally filed a possessory |12action, the defendant answered, asserting title to the property. This converted the matter to a petitory action. Even though the plaintiff did not go back and specifically label his pleading under a different label in order to assert title by acquisitive prescription, his original petition factually alleged it. The court noted that Louisiana has adopted the fact theory of pleading and where the facts pled are sufficient to give adequate notice of the claim or special defense to the opposing party, it is not necessary to specifically label that claim or special defense as such. The appellate court held that, where a possessory action alleges facts sufficient to form the basis of acquisition of ownership by acquisitive prescription, and is subsequently converted to a petitory action by a defendant, it is not necessary to replead the same facts under a different title in order to prove acquisitive prescription. Where the plaintiff pled that for 35 years he possessed the property as owner, *59 he set forth facts in his petition which sufficiently alleged acquisitive prescription.
In City of St. Martinville v. Johnson, 465 So.2d 280 (La.App. 3d Cir.1985), writ denied, 467 So.2d 1133 (La.1985), the city filed suit seeking a preliminary injunction to prevent the defendant from interfering with the city’s possession and control of a tract of land, as well as a judgment recognizing the city as owner of the property. The city obtained a default judgment recognizing it as owner of the tract based on acquisitive prescription even though it did not specifically plead acquisitive prescription in its petition. The city’s petition did, however, plead all of the Immaterial facts necessary for a judgment recognizing a title based on acquisitive prescription. The defendant contended that the trial court erred in considering evidence concerning acquisitive prescription when the city did not specifically plead acquisitive prescription in its petition. The court of appeal stated:
The appellant argues that this evidence should not have been considered because the word “prescription” was not specifically mentioned in the City’s petition. This argument is without merit. It is well established that our Code of Civil Procedure sets forth a system of fact pleading. LSA-C.C.P. arts. 854, 891, 1003, 1004. Provided the facts alleged are proved, the party may be granted any relief to which he is entitled under the fact pleading and evidence. The “theory of the case” doctrine is abolished as a pleading requirement or restriction. ... Thus according to this principle, the trial court correctly granted a judgment recognizing the City as the owners of the disputed tract on the basis of acquisitive prescription even though prescription was not specifically pleaded in word.
In Reynolds v. Brown, 11-525 (La. App.5th Cir.12/28/11), 84 So.3d 655, the plaintiff appealed from a trial court ruling denying her petition for eviction and removal of a structure. The plaintiff bought a parcel of land from her mother and later, when her mother died, acquired an undivided 1/4 interest in adjoining land and a trailer. The trailer, but not the land, was sold to the plaintiffs uncle. The plaintiff claimed her uncle erected a building on her property and she sought the removal of both the trailer and the structure.
The trial court denied the plaintiffs petition, finding that the action was more akin to a petitory action than a possessory action, and that the plaintiff had failed to prove all of the elements necessary to maintain a petitory action. On appeal, the plaintiff alleged that the trial court erred in 114considering her action to be petitory, applying the burden of proof necessary for a petitory action, and failing to recognize her apparent title. She claimed that her action was possessory and not petitory.
The appellate court found that the facts, as pled, are that the plaintiff is the owner of certain immovable property and that the defendant has possessed the property by erecting a structure on it and the plaintiff, as owner, wants the structure removed. Therefore, the plaintiff did assert a petito-ry and not a possessory action.
The court reasoned as follows:
Louisiana is a fact pleading state that values substance over form and does not require the use of magic titles or terminology as a threshold requirement for validly pleading an action. Courts should look through the caption of pleadings in order to ascertain their substance and to do substantial justice to the parties. The trial court has a duty to recognize the true nature of the pleadings. Because our civil procedure is based on fact pleading, LSA-C.C.P. arts. *60 854 and 891, the courts must look to the facts alleged to discover what, if any, relief is available to the parties. [Citations omitted.][1]
According to La. C.C.P. art. 3657, set forth above, ROLCO converted this case from a possessory action into a petito-ry action, abating the possessory action filed by Perkins. Therefore, ROLCO made ownership of the property the issue in the case. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. 11fiThe record here — which includes Perkins’ answers to interrogatories and affidavits in opposition to ROLCO’s motion— indicates that there is a genuine issue as to a material fact, i.e., the ownership of the property. The affidavits set forth sufficient facts to raise the issue of acquisitive prescription. While Perkins arguably should have used the specific term “acquisitive prescription” in his answers to petitions, he did state that he and his ancestors in title possessed the property at issue within boundaries for more than 30 years.[2] Furthermore, he did specifically state in his answers to interrogatories that he claimed ownership by acquisitive prescription and asserted facts that tended to support that claim.
As to the affidavits Perkins filed in opposition to ROLCO’s motion for summary judgment, the wording may be identical; nonetheless, they recite that the affiants based their statements on personal knowledge and that the fence has been in place long enough for acquisitive possession to be at issue here. Despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion and all doubt must be resolved in the opponent’s favor. Shelter Insurance Company v. Broan-Nutone, LLC, 39,625 (La.App.2d Cir.5/11/05), 902 So.2d 1146, writ denied, 2005-1483 (La.12/16/05), 917 So.2d 1112.
Based upon the above, we find that the summary judgment in favor of ROLCO was precluded due to a disputed issue of material fact. We reverse 11fithe trial court ruling granting summary judgment in favor of ROLCO and remand the matter to the trial court for further proceedings.
CONCLUSION
The trial court ruling granting summary judgment in favor of Rodessa Oil and Land Company is reversed. The matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed against Rodessa Oil and Land Company.
REVERSED AND REMANDED.

. See and compare Parker v. Allums, 81 So.2d 128 (La.App. 2d Cir.1955), where this court found the defendant's pleadings were not sufficient to support a finding of ownership by acquisitive prescription; Sellers v. Barthelemy, 520 So.2d 1219 (La.App. 5th Cir. 1988); Rivet v. Dugas, 377 So.2d 489 (La.App. 4th Cir. 1979).

. On remand, Perkins will have an opportunity to amend his pleadings.